FRANK HAWKINS, Appellant, v. UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of WILLIAM W. COLE, Deceased, Respondent.

First Department, May 2, 1919.

**Decedent's estate — gift inter vivos by letter unaccompanied by actual delivery of article.**

The delivery of a letter by a decedent shortly before his death by which, in celebration of his birthday, he gave a boat which was then in storage, *held*, to effect a gift *inter vivos* although there was no actual delivery of the boat.

DOWLING and PAGE, JJ., dissented.

APPEAL by the plaintiff, Frank Hawkins, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of March, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*William J. Dawley* of counsel [*Joseph T. Cashman*, attorney], for the appellant.

*Wolcott P. Robbins* of counsel [*Wolcott G. Lane* and *Peter B. Olney, Jr.*, with him on the brief; *Miller, King, Lane & Trafford*, attorneys], for the respondent.

SMITH, J.:

The action was against the executor of William W. Cole to recover possession of a steam yacht. The plaintiff's claim to right of possession is by a gift from Cole in his lifetime. That gift was evidenced by a letter which was delivered to the plaintiff's mother for plaintiff and by the plaintiff's mother to the plaintiff. That letter is as follows:

"31 UNION SQUARE, NEW YORK.
*February* 9, 1915.

"FRANK HAWKINS.— I have just been talking to your mother and given you my boat which she asked me to write and tell you about. Call when you are over this way and I will tell you more about it. If necessary I will assist you to establish yourself, if you think you would care to take this way of making a living up. With your knowledge of mechanics

I feel you could make something out of it. You will remember this is my birthday. In celebration of this fact I give you my boat. Take care of your health and your mother.

" Yours truly,

" W. W. COLE."

This yacht which is the subject of the gift had not been used for six years and was in storage somewhere not far from New York city. Shortly after the delivery of this letter the donor died.

In the case of *Matter of Cohn* (187 App. Div. 392), handed down herewith, the effect of the delivery of an instrument of gift without the actual delivery of the articles given is discussed. Upon principle, as well as upon the authority of this decision, I am of the opinion that this gift was completed upon the delivery of this letter to the plaintiff, and the trial court was in error in dismissing plaintiff's complaint.

The judgment is, therefore, reversed and a new trial granted, with costs to appellant to abide event.

CLARKE, P. J., and SHEARN, J., concurred; DOWLING and PAGE, JJ., dissented.

Judgment reversed and new trial ordered, with costs to appellant to abide event.