SADIE F. BERSON, Plaintiff, v. BLUE RIDGE COAL CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, January 25, 1950.

*Israel Siegel* for plaintiff.

*Harry Bodin* for defendant.

BENVENGA, J. The plaintiff in this action seeks to recover the sum of $12,000, representing an accumulation of dividends on 500 shares of preferred stock of defendant.

The plaintiff alleges that in December, 1943, her husband, who was president of defendant, made her a gift of the stock in suit and that, notwithstanding notice of the gift, the defendant has failed and refused to pay her the dividends thereon. The gift was parol or verbal; no certificate of stock or other written

evidence of the gift was ever delivered, nor was any transfer of the stock registered on the books of the defendant. The question is whether there was a valid gift.

It is well settled that, to constitute a valid parol or verbal gift, there must be either a deed or instrument of gift or an actual delivery of the property, and that, where actual delivery is impossible or impractical, a constructive or symbolical delivery is sufficient. This has been the universally accepted rule since 1819, when the leading case of *Irons* v. *Smallpiece* (2 Barn. & Ald. 551) was decided. The rule has been applied to gifts of stocks, bonds and other choses in action (Brown on Personal Property, §§ 38, 46, 60), as is the well-established rule in this State (*Matson* v. *Abbey,* 70 Hun 475, 477, affd. 141 N. Y. 179, 183; *Matter of Cohn,* 187 App. Div. 392, 396).

As applied to gifts of stocks, the general rule of law is that delivery must be made either by a transfer of the stock certificate, with or without indorsement, or by deed or other instrument of gift. Indeed, under the majority rule, a formal instrument of gift is required; while under the minority rule, any instrument of gift will suffice, however informal it may be. (Brown on Personal Property, §§ 46, 60; see 63 A. L. R. 540, 552 and 99 A. L. R. 1078–1086, where cases are collated.)

While the Court of Appeals has not passed upon the question, the minority rule has been adopted by the Appellate Division of this department by a closely divided court, on the ground that there is no compelling necessity of delivery when a parol or verbal gift is established by the execution and delivery of a written instrument or memorandum of gift. (*Matter of Cohn, supra,* p. 395; *Hawkins* v. *Union Trust Co.,* 187 App. Div. 472; *Matter of Goodwin,* 114 Misc. 39, 44; *Matter of Valentine,* 122 Misc. 486, 488–489; *Matter of Brown,* 130 Misc. 865, 871, mod. on other grounds 225 App. Div. 759, mod. 252 N. Y. 366; *Matter of Seigle,* 176 Misc. 15, mod. on other grounds, 262 App. Div. 879, 880.)

The rule requiring delivery is founded on public policy, to prevent mistakes and imposition (*Matter of Van Alstyne,* 207 N. Y. 298, 308; *Matter of Cohn, supra*); it is particularly applicable to parol or verbal gifts (*Matter of Brown, supra,* p. 871). As has been pointed out, the *Cohn* decision (*supra*) has ameliorated the rigor of the general rule " only to the extent that the instrument containing words of gift has been held sufficient though not in the form of a deed or assignment " (*Matter of Merz,* 45 F. 2d 558, 561). " Where the gift is evidenced by a writing, the ordinary rules as to delivery are somewhat relaxed.

Otherwise the rule as to delivery is strict '' (*Matter of Brown, supra,* p. 871).

No case has been called to my attention, nor have I been able to find any, where the general rule has been further relaxed. I do not believe it should be. Indeed, it would seem rather presumptuous to do so in the absence of an authoritative ruling on the subject in view of the close decision in the *Cohn* case (*supra*), and especially since the effect of any further modification of the rule might be to overrule the long-established doctrine of *Irons* v. *Smallpiece* (*supra*).

The motion to dismiss the complaint is, therefore, granted and judgment is directed for defendant.

Findings of fact and conclusions of law signed in accordance herewith.