458

**VON OPEL v. McGRATH, Attorney General of United States.**

United States District Court
S. D. New York.
June 10, 1952.

Amen, Gans, Weisman & Butler, New York City, John Harlan Amen and Lawrence J. Mohr, New York City, of counsel, for plaintiff.

Myles J. Lane, U. S. Atty., New York City, Lawrence G. Greene, New York City, of counsel, for defendant.

CONGER, District Judge.

Cross-motions for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

Plaintiff sues pursuant to Section 9(a) of the Trading With the Enemy Act, 50 U.S.C.A.Appendix, § 9(a), to recover certain property vested by the Alien Property Custodian on September 21, 1942 pursuant to the Act. The property vested consists of 36,940 shares of stock of the Harvard Brewing Company of Lowell, Massachusetts.

In her complaint, plaintiff contends that (1) she was a nonhostile alien and (2) that she has a right, title and interest in the property vested and is the sole owner thereof and entitled to the return of the property.

The Attorney General, in his answer, admits that plaintiff since November 21, 1939 was a citizen of the Principality of Liechtenstein and now is a resident of the City, County and State of New York, but denies the allegation in plaintiff's complaint (Par. 7) that she "is not now and at none of the times herein mentioned has she been an enemy or ally of enemy of the United States, or a national of any designated enemy country or of any country other than the Principality of Liechtenstein." The answer also denies that the plaintiff was and is the owner of the said stock.

In the argument before me, in the affidavits and briefs presented on these motions, no point is made as to the citizenship of plaintiff. The sole issue before me concerns the ownership in plaintiff of the stock.

Plaintiff claims that this stock was given to her by her husband in 1940; that they were then in Switzerland, preparing to come to America; that her husband at that time told her that he would give her sufficient shares of stock in the Harvard Brewing Company to make her independent in the United States; that they did arrive in the United States sometime in May, 1941; that

in May, 1941 plaintiff went from Miami, Florida, to Havana, Cuba, for the purpose of immigration to the United States, preparatory to an application for United States citizenship; that she took with her from Arnold & S. Bleichroeder, Inc. (a brokerage and investment house of New York City), a letter that she held 36,940 shares of the stock of the Harvard Brewing Company in her name and for her account; that on April 23, 1941 a letter was delivered from Sociedade Commercial Montefranco, Ltd. of Brazil to Arnold & S. Bleichroeder, Inc., requesting and directing the latter to transfer 36,940 shares of the Harvard Brewing Company stock to the personal and private account of "Margot von Opel"; that pursuant to said letter the transfer was made April 24, 1941 and appropriate entries were made on the books of Arnold & S. Bleichroeder, Inc.; that from that date down to the seizure by the Government on September 21, 1942 the shares continued at all times to be so held; that the shares were registered in the street name of Dominick & Dominick (brokers) and were in their possession but carried on the books of Arnold & S. Bleichroeder, Inc., for the account of "Margot von Opel"; that from then on until the vesting plaintiff received from Arnold & S. Bleichroeder, Inc., monthly statements of account showing receipt of dividends and various advances and withdrawals by Mrs. von Opel from said account.

Plaintiff contends that the above transactions were had at the instance of her husband to carry out his promise to make a gift to her of this stock.

Plaintiff contends that on the statement of facts outlined above and on other facts which she sets forth in her affidavit she is entitled to summary judgment, since there is no dispute as to any substantial question of fact here and that she is entitled to judgment as a matter of law.

In support of her contention plaintiff refers to certain testimony taken by deposition of five persons, including the plaintiff, certain interrogatories and testimony taken in the action entitled Uebersee Finanz-Korporation, A. G. v. McGrath, 89 U.S. App.D.C. 167, 196 F.2d 557.

■ The defendant takes issue with plaintiff and opposes this motion on the ground that there are genuine and material issues of fact. I agree with defendant in this contention. There are at least two serious and genuine issues of fact here, upon which plaintiff has the burden of proof, (1) as to whether or not a gift of the stock was ever made to plaintiff as she claims and (2) if such a gift was purportedly made whether or not it was a transfer in good faith for the purpose of divesting the owner of title, but was merely a transfer to enable plaintiff to secure an immigration visa to the United States.

■ The evidence of the gift rests on the testimony of many, but principally on plaintiff. The defendant should not be foreclosed from testing their credibility. Here, the knowledge of the transaction is peculiarly within the knowledge of plaintiff and her witnesses. The defendant should have the opportunity to attempt to impeach them at a trial and their demeanor may be most effective for impeachment. See Colby v. Klune, 2 Cir., 1949, 178 F.2d 872.

As I look at this whole picture this is a case that should go to a trial court where witnesses may be examined and cross-examined and not be decided upon papers. This applies also to the motion of defendant for summary judgment.

Defendant asserts that while he still insists that there are genuine issues as to material facts in this action, his cross-motion is in the nature of a demurrer to the evidence and is premised on the theory that even if for the purpose of the cross-motion the evidence be acceptable in the light most favorable to plaintiff, defendant is nevertheless entitled to judgment as a matter of law.

Defendant's contention is that even if a gift were attempted here, the gift was wholly void for lack of delivery.

This problem has given me much concern. After reading Berson v. Blue Ridge

Coal Corp., 197 Misc. 475, 476, 96 N.Y.S.2d 43, affirmed 278 App.Div. 681, 103 N.Y.S.2d 674 and In re Chevalier, Sur., 90 N.Y.S.2d 788, frankly I feel that defendant had a point of much merit. However, were I to grant defendant's motion here I would still have a doubt in my mind as to the correctness of my judgment. Under those circumstances this doubt should be resolved against summary judgment.

I am hesitant here to decide this important case on papers alone. As I said before, I think it is a case not for summary judgment for either side, but should be tried to the Court.

Viewing the case in the most favorable light for plaintiff, it may very well be that she might find solace in having her case decided in accord with Matter of Mills' Estate, 1916, 172 App.Div. 530, 158 N.Y.S. 1100, affirmed 219 N.Y. 642, 114 N.E. 1072.

Both motions denied.

Settle orders.