**A. SMITH BOWMAN AND SONS, INC.,**
Sunset Hills, Virginia, Plaintiff,

v.

**SCHENLEY DISTILLERS, INC.,** c/o Corporation Trust Company, Wilmington, Delaware, Defendant.

Civ. A. No. 2199.

United States District Court
D. Delaware.

Jan. 6, 1961.

H. James Conaway, Jr. (Morford, Young & Conaway), Wilmington, Del., Henry B. Weaver, Jr., Quinn O'Connell and Hershel Shanks (Weaver & Glassie), Washington, D. C., for plaintiff.

Aaron Finger (Richards, Layton & Finger), Wilmington, Del., and Milton B. Seasonwein, New York City, for defendant.

LEAHY, Senior District Judge.

Since 1937 plaintiff, A. Smith Bowman and Sons, Inc., has marketed its 90 proof straight bourbon whiskey under the registered trademark "Virginia Gentleman". It alleges the brand name "Virginia Gentleman" now represents valuable proprietary "good will" due to successful advertising programs and continuous product appeal of the public over the ensuing years. Plaintiff filed certain affidavits and exhibits. In 1959, defendant, Schenley Distillers, Inc., registered the trademarks "Indiana Gentleman" and "American Gentleman" to be used as brand names for its bourbon whiskey. To date, only four cases of whiskey, two bearing the "Indiana Gentleman" mark and two bearing the "American Gentleman" mark, have been marketed and sold by defendant. Plaintiff relies on a theory of potential confusion of source and seeks to enjoin the further use of defendant's marks by a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

At argument defendant made certain allegations in support of its motion against summary judgment. These are: 1. Defendant denying potential confusion of source exists as to plaintiff's product, contends that plaintiff's theory raises issues of material fact which cannot be determined by a summary judgment procedure; 2. Defendant also questions either competency or validity of plaintiff's proof as to its alleged good will, thus suggesting a possibility that plaintiff comes into court with unclean hands.[2]

1. The record upon which the motion is based consists of: Complaint; Answer; interrogatories; motion for summary judgment; file wrappers of Indiana Gentleman and American Gentleman; correspondence; Plaintiff's advertising pamphlet "A Trip Through Sunset Hill Farm"; article from Fortune Magazine of July 1959 "The Bowman Brothers Agreeable Business"; Novels "Zotz!" by Walter Karig p. 197; "Caroline Hicks" by Walter Karig, pp. 69, 388–395; "Dead Drunk" by George Bagby, p. 52; "Tower in the West" by Frank Norris, p. 300; portions of Foreign Service Journal of October 1959, pp. 24–25; unidentified newspaper column "Yours" by a certain Betty Beale; portion of Time Magazine of October 26, 1959, p. 20; affidavit of E. Delong Bowman and A. Smith Bowman, Jr.; amended complaint for injunction and accounting; Book-of-The Month Club News of September 1947, with accompanying affidavit of E. Delong Bowman; copy of "Gentleman Jim" expired registration No. 319,796; unidentified advertisement for Old Gentry London Dry Gin on p. 50 Mass. Beverage Journal September 1960; unidentified advertisement for "Mackinlay's Blended Scotch Whiskey", The New York Times, Wednesday, October 12, 1960; unidentified advertisement for "The 'Antiquary'", New York Times, Thursday, October 13, 1960; affidavit of Ned Drucker; portion of the novel "Devil in Bucks County" by Edmund Schuddel, pp. 351, 352, 355; portion of the novel "The Big Secret" by Merle Colby, pp. 181, 296; portion of The New Yorker of January 28, 1956, p. 20; affidavit of Hershel Shanks; Trademark Virginia Gentleman certification, assignment of Smith Bowman, E. Delong Bowman and A. Smith Bowman, Jr., Smith Distilleries of certain trademarks; certain stipulations.

2. In addition to allegations made at oral argument see, for example, statements contained in defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment at pages 3, 6 and 7.

588

■■ The defense of unclean hands may properly be raised in a case such as the one at bar.[3] In trademark litigation where equitable relief is requested, a court sits as a court of equity. Plaintiff sues for injunctive relief. A paternalistic protection of the public has traditionally been an independent purpose of equity in this field of litigation, not only between a plaintiff and a defendant but also between the litigants vis-a-vis the public. Such protection, in a reverse fashion, has been accomplished, in part, through the doctrine of unclean hands which courts have applied against a complaining plaintiff who seeks court protection of either his mark or an alleged good-will. Its relevance in the case at bar raises a question of creditability which clearly may only be resolved at trial.[4]

■ Plaintiff's reliance, here, on a potential confusion of product source raises a question of law. But a question of law must invariably rest on adequate facts.[5] Where, as in this case, minimal supporting facts are presented in a paper record, the Court should refuse summary judgment until all live facts and circumstances have been sufficiently developed to enable the Court to be reasonably certain it is making a correct determination

3. Best Foods, Inc. et al. v. General Mills, Inc., D.C.Del., 3 F.R.D. 459 (cases cited, footnote 4); Manhattan Medicine Co. v. Wood, 108 U.S. 218, 2 S.Ct. 436, 27 L. Ed. 706; Coca-Cola Co. v. Koke Co., 254 U.S. 143, 41 S.Ct. 113, 65 L.Ed. 189; Nims, Unfair Competition and Trade-Marks, Vol. 2 (4th Ed. 1947) § 390; 68 Harvard Law Rev. 814, at 885.

4. Colby v. Klune, 2 Cir., 178 F.2d 872; Dyer v. MacDougall et al., 2 Cir., 201 F. 2d 265; Von Opel v. McGrath, D.C.S.D. N.Y., 13 F.R.D. 458.

5. *Quere*, whether similarity of plaintiff's and defendant's geographical markets should be considered by the court in determination of this issue. Although § 22 of the Lanham Act, 15 U.S.C.A. § 1072, has been held to give nationwide protection, Sterling Brewing, Inc. v. Cold Spring Brewing Corp., D.C.D.Mass., 100 F.Supp. 412, § 32, 15 U.S.C.A. § 1114 (1) (a), may vitalize the common law concept of zones of expansions. See, 68 Harv.L.Rev. 814, at 859. If so, similarity of geographical markets is particularly relevant to an issue of confusion of source albeit potential. Absent any actual expansion of markets, this raises the question of the nature and extent of the monopolistic grant under § 22.

Cf. Dawn Donut Co. v. Hart's Food Stores, Inc., 2 Cir., 267 F.2d 358, where it was stated at page 364:

"The Lanham Act, 15 U.S.C.A. § 1114, sets out the standard for awarding a registrant relief against the unauthorized use of his mark by another. It provides that the registrant may enjoin only that concurrent use which creates a likelihood of public confusion as to the origin of the products in connection with which the marks are used. Therefore if the use of the marks by the registrant and the unauthorized user are confined to two sufficiently distinct and geographically separate markets, with no likelihood that the registrant will expand his use into defendant's market, so that no public confusion is possible, then the registrant is not entitled to enjoin the junior user's use of the mark. See, Fairway Foods, Inc. v. Fairway Markets, Inc., 9 Cir., 1955, 227 F.2d 193; Note, Developments in the Law of Trade-Marks and Unfair Competition, 68 Harv.L.Rev. 814, 857–60 (1955); cf. Sterling Brewery, Inc. v. Cold Spring Brewing Corp., supra."

Earlier in his opinion, recognizing the particular facts in the case, Judge Lumbard wrote (at page 360):

"We hold that because no likelihood of public confusion arises from the concurrent use of the mark in connection with retail sales of doughnuts and other baker goods in separate trading areas, and because there is no present likelihood that plaintiff will expand its retail use of the mark into defendant's market area, plaintiff is not now entitled to any relief under the Lanham Act, 15 U.S.C.A. § 1114. Accordingly, we affirm the district court's dismissal of plaintiff's complaint.

"This is not to say that the defendant has acquired any permanent right to use the mark in its trading area. On the contrary, we hold that because of the effect of the constructive notice provision of the Lanham Act, should the plaintiff expand its retail activities into the six county area, upon a proper application and showing to the district court, it may enjoin defendant's use of the mark."

of the particular question of law.[6] Accordingly, determination of this legal issue must await a full dress trial in the case at bar, and summary judgment will be denied.[7]

Submit order.

---

**6.** Palmer v. Chamberlin, 5 Cir., 191 F.2d 532, 540, 27 A.L.R.2d 416, rehearing denied 191 F.2d 859; Murphy et al. v. Bankers Commercial Corp., D.C.S.D. N.Y., 111 F.Supp. 608, 611; Gulf Power Co. v. Local Unions Nos. 676 and 1078, 5 Cir., 229 F.2d 655, 658; Bruce Construction Corporation v. United States, 5 Cir., 242 F.2d 873; 6 Moore's Federal Practice, (2nd Ed. 1953), Par. 56.15(1), p. 2101.

This Circuit's most recent statement on summary judgment is found in Kress, Dunlap & Lane, Ltd. v. Downing, 3 Cir., 286 F.2d 212, reaffirming Bragen v. Hudson County News Company, 3 Cir., 278

F.2d 615. There it was said (at page 617):

"The law is clear that one who moves for a summary judgment has the burden of demonstrating that there is no genuine issue of fact."

**7.** For the effect of the order to be entered sub judice: In the Second Circuit it has recently been held that a dismissal of a motion for summary judgment, which includes a prayer for an injunction, is appealable. Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 280 F.2d 800. The Third Circuit, to date, has held contra. Hook et al. v. Hook & Ackerman, Inc., 3 Cir., 213 F.2d 122.