ISABEL ANTONIA GARCÍA LÓPEZ, Plaintiff and Appellant, *v.*
JUAN MÉNDEZ GARCÍA ET AL., Defendants and Appellees.

No. 401.          Decided May 13, 1963.

*C. H. Juliá* and *Ángel R. Díaz* for appellant. *E. Martínez Rivera* and *Edelmiro Martínez, Jr.,* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Isabel Antonia García López, plaintiff and appellant herein, filed a complaint in the San Juan Part of the Superior Court against Juan, Alejandro and Manuel Méndez García, brothers of José Méndez García, plaintiff's late husband; against the children born of the marriage, María Isabel, Rosa María, Aurora Margarita, José Víctor and Joaquín Raimundo Méndez García, who are also testamentary heirs

of José Méndez, all of whom are of full age; and against Ferretería Méndez, Incorporated, and the Secretary of the Treasury.[1] The complaint was entitled "On Nullity of Actions, of Proceedings, of Judgments, of Conveyances and Registrations in the Registry, of Trust and Nonexistence of Gifts; Nullity of Compromise and Revendication of Community Share together with rents, profits and interest." The issue posed in this petition for review compels us to set forth the allegations in detail.

It was alleged in the first cause of action that plaintiff and José Méndez contracted marriage on September 15, 1929, which was dissolved by divorce decree on November 16, 1943; that during the marriage the community partnership acquired the following properties:

(A) Lot of 345 square meters on Luis Moczó Street of Santurce.

(B) Lot of 385 square meters and structure situated on Egozcue Street of Santurce.

(C) One-third interest in a certain property consisting of 1,336.86 square meters on San Agustín Street of Puerta de Tierra containing a four-story reinforced concrete building with basement; another reinforced concrete residential and commercial building; and 11 frame houses devoted to dwelling and renting.

(D) Eighty-five common shares of the corporation Ferretería Méndez, Inc. as successor of the business of the mercantile partnership Sobrinos de A. Méndez y Hnos. situated at 200 San Agustín Street of Puerta de Tierra. It was alleged that these properties together with the rent, profits and interest constitute the community property of defendant and of José Méndez, free of any encumbrance or lien, with a total

---

[1] The Secretary of the Treasury was joined so he could allege any tax right which he might have in connection with the transactions of the complaint. The Secretary appeared and refused to intervene.

value, excluding rents and profits, of $188,500, and that plaintiff's interest therein amounted to $94,250 at the time of the dissolution of the marriage.

That on June 25, 1942, plaintiff filed an action of divorce against José Méndez, civil case No. 40,794 of the former District Court of San Juan, and that as of that time codefendants Juan, Alejandro and Manuel Méndez García, together with José Méndez, her husband, conspired among themselves in order to cause, by fraudulent, illegal and simulated means, all the properties of the community partnership to disappear, simulating debts against them, attaching, foreclosing and appropriating them to themselves, concealing, conveying them in secret trust among the conspirators, donating and alienating them, for the deliberate purpose of depriving plaintiff, as they actually did, of her share in such property.

That 31 days after José Méndez was served with summons of the complaint of divorce, codefendants Alejandro and Manuel Méndez García, conspiring with their brother José, illegally and fraudulently and for the purpose of defrauding plaintiff, simulated the liquidation of the personal account of partner José Méndez, at that time plaintiff's husband, in the mercantile partnership Sobrinos de A. Méndez y Hnos., pretending to eliminate her husband from that partnership and simulating that they were retaining the services of plaintiff's husband merely as employee of said partnership with a monthly salary of $150, as it appears from deed executed on October 5, 1942 before Notary Eduardo H. F. Dottin.

That as a matter of fact plaintiff's husband continued to be a real and actual partner of the mercantile partnership as principal and managing partner thereof, with the same original duties, rights and attributes without ever having the status of employee, his apparent separation from the partnership being false, simulated and void, solely for the pur-

pose of depriving plaintiff of her community rights and in the provisional measures during the divorce.

That a secret agreement or reserved covenant existed between José Méndez and his partners, codefendants Alejandro and Manuel Méndez, consisting in that, once the community partnership was liquidated, the husband would reacquire his rights as partner of the partnership in accordance with the deed of constitution.

That the judgment of divorce became final, conclusive and executory on November 18, 1943, and 12 days later, on November 30, José, Alejandro and Manuel Méndez García incorporated the corporation Ferretería Méndez, Inc., transferring, assigning and conveying to the new corporation Ferretería Méndez, fraudulently and illegally and for the deliberate purpose of defrauding plaintiff in her interests, the profits and assets of the mercantile partnership Sobrinos de A. Méndez y Hnos., receiving in exchange for such profits and assets certificates of shares of that corporation.

That José Méndez contributed $7,500 to the corporation for 75 shares, and not only was his separation from the mercantile corporation false, but also that those $7,500 belonged and were part of the community property. Subsequently José Méndez acquired 10 additional shares in the corporation, with assets of the community partnership, plaintiff being the owner of one half or 42 1/2 shares, the remainder belonging to her codefendant sons.

That defendants have failed to render accounts of such shares to plaintiff or to her children, and since they are the executors and commissioners in partition of their late brother José Méndez, they illegally and fraudulently, and for the purpose of concealing from plaintiff the existence of those shares, have failed to submit to the Secretary of the Treasury a report of the property left, likewise defrauding the public treasury in the sum of the corresponding inheritance tax payable.

That codefendant Juan Méndez García, for the fraudulent purpose of concealing from plaintiff the whereabouts and the amount of the community property, has refused to make an inventory of the estate left upon the death of his brother José Méndez, part of which belongs to her children subject to testamentary tutorship.

The second cause of action concerns the property marked letter (B). To that end it was alleged in the complaint that since plaintiff and her husband were the owners of property marked letter (B), on April 6, 1938 they constituted a mortgage thereon in the sum of $2,000 in favor of Carlos F. Preston, binding themselves to pay it at the rate of $500 annually, the last instalment of which would fall due on April 6, 1943.

That when plaintiff filed the action of divorce on June 25, 1942, three $500 instalments had been paid, and on October 28, 1942, while the action of divorce was pending, and in the same month in which his separation from the mercantile partnership Sobrinos de A. Méndez was simulated, José Méndez paid to Preston, out of community funds, the last $500 instalment, the property having been fully liberated; and that José and Juan Méndez conspired between themselves and with their close friend Aurelio Ortiz Meléndez, and by deed executed in San Juan that day they caused to appear that $1,500 was still due to Preston, and Preston assigned the mortgage credit for $1,500 to Ortiz Meléndez knowing that everything was simulated, with the fraudulent purpose of injuring plaintiff's interests.

That on December 9, 1942, without the mortgage credit having become due, Ortiz Meléndez, as owner of the credit, foreclosed the same for the alleged sum of $1,500; that José Méndez failed to appear to answer the complaint, and the property marked letter (B) was sold at public auction and acquired by his brother Juan Méndez by deed of February 25, 1943.

That at the time of the auction sale José Méndez, as administrator of the community partnership, had sufficient funds and property, rents and huge profits from the mercantile partnership Sobrinos de A. Méndez on which an income tax of $18,546.54 was levied, with which to pay off the alleged $1,500 debt.

That the assignment of the mortgage credit as well as the foreclosure proceeding and the adjudication were simulated, false and fraudulent acts of her husband at that time, with the help of his brother Juan Méndez and Ortiz Meléndez, for the purpose of diminishing the community property, thereby placing property (B) outside the said community property.

That after property (B) situated on Egozcue Street was auctioned and adjudicated, on February 23, 1943 José Méndez continued as owner in the possession and ownership thereof, leasing the same and collecting the rent until his death on October 28, 1948.

That since the action of divorce was filed in June 1942, her husband and his brother Juan Méndez devised and created a secret trust whereby José, availing himself of all these simulated and fraudulent acts, conveyed as constituent property (B) to Juan Méndez, as fiduciary, for the benefit of his daughter Rosa María Méndez, as beneficiary, to be delivered to her one year after the youngest of the children reached majority, and that this was done for the purpose of concealing this community property and defrauding plaintiff in one half of its value and rents therefrom.

That in compliance with that secret trust, Juan Méndez conveyed property (B) to Rosa María Méndez by deed executed on April 14, 1960, simulating a gift between the fiduciary and the beneficiary, notwithstanding that both knew personally for a fact that the alleged gift was nonexistent and that it was made for the sole purpose of depriving

plaintiff of her half of this community property, the trust and the gift being null and void at law.

The third cause of action relates to property (A). Plaintiff alleged that this property, which is situated on Luis Moczó Street of Santurce, was acquired during their marriage, together with the structure.

That on February 5, 1943 codefendant Juan Méndez filed an action in the District Court of San Juan, civil case No. 42,626, for alleged recovery of money, against his brother José Méndez, who was plaintiff's husband at the time, alleging that the sum of $1,687.10 was due him.

That José Méndez was summoned, but he failed to answer and his default was entered and judgment rendered on March 2, 1943, and in order to execute said judgment, property (A) was sold at public auction on May 4, 1943 for $1,100, the same having been acquired by plaintiff Juan Méndez himself, as it appears from deed of judicial sale executed on the same date.

That the claim as well as the procedure followed, the foreclosure, auction sale and adjudication in favor of Juan Méndez were false, void and nonexistent, since such claim was false because there were no such debts, and if there had been any, they had been contracted by José Méndez and charged to the community partnership after the action of divorce had been filed in court, without court authorization, and because there existed a fraudulent conspiracy between José Méndez and his brother in order to create an apparent credit, to sue without plaintiff's knowledge, without José defending himself and permitting that his default be entered and judgment rendered and the sale at public auction and execution of the property in favor of his own brother, for the purpose of removing this real property from the community property, the sale having been made for the ridiculous price of $1,100 considering that the value thereof was $65,000; that even after the auction sale and adjudica-

tion plaintiff's husband continued in the real and actual possession of the property until his death on October 21, 1948, having leased the same and collected the rent therefrom as owner.

That her husband at that time and his brother Juan Méndez devised and created between themselves a secret trust whereby, availing themselves of these simulated and fraudulent acts, José conveyed property (A) situated on Luis Moczó Street to his brother Juan Méndez, as fiduciary, for the latter to hold in trust for codefendant children María Isabel, Aurora Margarita, José Víctor and Joaquín Raimundo Méndez, beneficiaries, and to deliver such trust to them after the youngest of the children reached majority, all of which was done for the purpose of concealing this community property taking it out of the estate, thereby defrauding plaintiff in one half of its value and the rents therefrom.

That in compliance with that secret trust codefendant Juan Méndez conveyed said property to the aforementioned beneficiaries simulating a gift, notwithstanding all of them knew personally for a fact that the gift was nonexistent, that it was made for the fraudulent purpose of depriving plaintiff of her half of such property, and that it was void at law.

In the fourth cause of action plaintiff alleged that on February 5, 1943, the same day and the same hour when she filed the previous action, codefendant Juan Méndez brought an action against her then husband José Méndez in the District Court of San Juan, civil case No. 42,625, alleging the existence of a current account of merchandise and cash items which amounted to $2,109.87 after deducting several credits. Defendant therein, who was plaintiff's husband, was summoned, he failed to answer the complaint, his default was entered and judgment was rendered against him; and in execution of such judgment the marshal of the court issued a check for $1,210.09 on funds in his possession

belonging to the community partnership composed of plaintiff and José Méndez, to the order of plaintiff therein, Juan Méndez, the latter having appropriated to himself the amount thereof.

That this proceeding was null and void because the presumptive debts alleged in the complaint never existed, were false and simulated, for the purpose of defrauding plaintiff and because such debts were allegedly contracted without court authorization after the action of divorce had been brought, and the judgment was never notified to defendant nor to plaintiff who was his wife at that time.

That since such proceedings are null and void, the amount of $1,210.09 received and appropriated by Juan Méndez should be restored to the community property with legal interest thereon as of June 23, 1943.

The fifth cause of action bears on property (C). It was alleged in the complaint that in 1933 the community partnership acquired one-third interest in this property.

That on August 15, 1940 the co-owners constituted a mortgage thereon to secure a promissory note to bearer in the sum of $22,000 to become due on August 15, 1944; that such note to bearer was always, from the time it was issued until its cancellation, in possession of José, Alejandro and Manuel Méndez, and as a matter of fact such mortgage never existed and the lien was merely "academic" since such note was the property of the same owners of the property until July 21, 1947 when it was cancelled in full.

That on November 22, 1943, in the action of divorce, the then attorney for plaintiff signed together with José Méndez' attorney a stipulation of compromise on the partition and liquidation of the community partnership existing between plaintiff and her husband, by virtue of which the said partnership was deemed liquidated to the satisfaction of both parties, which stipulation was approved by the court on December 2, 1943.

That at the time of the dissolution of the marriage and the signing of the stipulation and approval thereof by the court, José Méndez led the attorney for plaintiff, and even plaintiff herself, to believe that there were no other properties in the community property with the exception of the one-third interest in the property situated on San Agustín Street, according to its description in the Registry; that José Méndez led her and her attorney to believe that said one-third interest was actually and lawfully subject to and encumbered by the lien securing the aforesaid $22,000 promissory note, and he led them to believe that the interest of plaintiff and of her husband in that property, after deducting the mortgage credit, was only $5,000, thereby fraudulently, illegally and deceitfully inducing plaintiff and her attorney to compromise her rights for the sum of $3,000 which José alleged was the fair and reasonable value of plaintiff's interest, knowing that everything was false.

That the said stipulation and compromise is null, void and nonexistent since José Méndez, by insidious words or manipulations, led plaintiff's attorney to believe that there was no other community property at that time with the exception of one-third interest of the property described under letter (C), knowing personally that the properties described under letters (A), (B) and (D) existed; because by insidious words and manipulations Méndez led plaintiff to believe that the property situated on San Agustín Street was the property which was recorded in the Registry of Property, knowing that there also existed thereon another residential and commercial concrete building and eleven other houses devoted to dwelling and renting; because he led plaintiff and her attorney to believe that the $22,000 lien which encumbered that property was real, actual and legitimate, knowing as a matter of fact that such lien was nonexistent since the promissory note was in his hands and those of his brothers at the time of the compromise; because

he led plaintiff and her attorney to believe that the value of the spouses' share in such interest was only $5,000, knowing for a fact that it was worth $56,000; because he led plaintiff to believe that the community partnership was no longer the owner of the other properties nor of the 85 shares of the corporation Ferretería Méndez; and because plaintiff's consent to the compromise was vitiated by error on the substance of the thing object of the contract and vitiated by José Méndez' deceit.

In the sixth cause of action plaintiff alleged that from 1944 to 1957 Ferretería Méndez realized distributable gains and profits in the amount of $38,630.54, plaintiff being entitled to profits in proportion to 42-½ shares owned by her.

That property (B) situated on Egozcue Street of Santurce produced rent in the sum of $17,998.64 from November 18, 1943 to May 30, 1960, of which one half and interest thereon corresponds to plaintiff.

That the property described under letter (A) produced rent in the sum of $72,890 from November 18, 1943 to May 30, 1960, of which one half and interest thereon corresponds to plaintiff.

That the property described under letter (C) situated on San Agustín Street produced rent in the sum of $59,280 from November 18, 1943 to May 31, 1960, of which one half and interest thereon corresponds to plaintiff.

Plaintiff alleged that she has not waived her community rights, profits and interest in those properties and moved for judgment in accordance with the claims made in the different causes of action, declaring that there is a state of fraud in this case as a result of which she was deprived of her community share in the property acquired during her marriage to José Méndez, and praying for other pertinent pronouncements.

Against said complaint defendants appeared and moved for summary judgment in their behalf relying on certain documents which they enclosed with their motion. The first of those documents is a sworn statement of codefendant Juan Méndez García setting forth—"in order to show that there is no actual controversy as to any material fact"— that at the time of the compromise on the liquidation of the community property acquired during the marriage of plaintiff and José Méndez "plaintiff knew which were the existing properties of the community partnership, and that it was for that reason that she consented to such compromise freely and of her own volition." That at that time "plaintiff knew that most of the properties described in the first cause of action no longer belonged to the community partnership." That at that time "plaintiff knew that José Méndez García did not own any shares of Ferretería Méndez, Inc." That the schemes and conspiracy alleged by plaintiff in this complaint "had been alleged by her prior to the compromise, notwithstanding which she agreed and consented to the compromise on the liquidation of the community partnership."

The second document attached in support of the motion for summary judgment was the appearance of the parties in the action of divorce in connection with the liquidation of the community property. It was stated at this appearance: "that the community partnership existing between the appearing parties has been duly liquidated, and that as a result of such liquidation plaintiff-counterdefendant has received to her satisfaction and content from defendant-counterplaintiff the sum of $3,000 as the fair and reasonable share of community property corresponding to said plaintiff-counterdefendant."

In view of such appearance, on December 2, 1943 the court entered an order considering as executed the judgment of divorce rendered on November 16, 1943, and as liquidated to the satisfaction of the parties the community

partnership existing between them by virtue of the marriage which was dissolved by said judgment.

The third document attached to the motion for summary judgment is a motion for an order "nunc pro tunc" of July 3, 1947, wherein the parties set forth, in connection with the appearance of November 22, 1943, that when plaintiff received the sum of $3,000 she had waived in favor of defendant and counterplaintiff José Méndez all her rights in the personal and real property existing at the time of the dissolution of the marriage and belonging to the community partnership, in order to record in favor of the former the one-third interest in San Agustín property. On July 7, 1947 the court entered an order "nunc pro tunc" directing that such interest be recorded in the Registry of Property in favor of José Méndez.

Plaintiff objected to the motion for summary judgment and in a statement, made under oath this time, she alleged the acts of fraud, simulation and nonexistence set forth in the complaint. She enclosed several documents in support of the facts alleged, among them, documents filed by José Méndez with the Office of Price Administration reporting in 1946 the registration of dwellings for rent as owner of the property situated on Luis Moczó Street, and similar documents as to the property on Egozcue Street; the incorporation clauses of Ferretería Méndez, Inc., from which it appears that José Méndez contributed $7,500 in shares as initial capital.

On the basis of the foregoing elements of judgment, the trial court rendered judgment summarily dismissing the complaint in all its causes of action. Said the court:

"The motion for summary judgment is predicated on the doctrine of res judicata by compromise made November 22, 1943, between plaintiff and her husband, José Méndez García, within the divorce proceeding before this court, civil case No. 40,794, and also on the judgment rendered by this court

on August 10, 1943 in civil case No. 42,966 on Nullity of Mortgage Foreclosure Proceeding."[2]

## I

Regarding the second cause of action in particular, the trial court concluded that it was res judicata by the judgment rendered in said case No. 42,969. Its ruling was correct.

On March 16, 1943 Isabel García López, plaintiff herein, brought an action in the former District Court of San Juan, case No. 42,969, against Eulalio Ortiz Meléndez, Juan Méndez García and José Méndez García, on Nullity of Mortgage Foreclosure Proceeding, Revendication of Real Property Foreclosed and Damages. As first ground of the first cause of action, she alleged that the community partnership constituted with her husband José Méndez was the owner since 1937 of the property of 385 square meters on Egozcue Street (property (B) of this complaint); that in April 1938 her husband received $2,000 by way of loan from Carlos Preston, to be paid off within five years in instalments of $500, the last of which would fall due on April 6, 1943; that this loan was secured by a mortgage on above-mentioned property; that on October 28, 1942 the mortgage credit was assigned in favor of Eulalio Ortiz Meléndez, setting forth that the mortgage had been reduced to $1,500; that in December 1942 Ortiz Meléndez foreclosed the mortgage and the property was sold at public auction and acquired by Juan Méndez García; and that the assignment of the mortgage credit as well as the foreclosure proceeding were simulated and false acts of José Méndez, defendant therein, together with the other defendants, for the purpose of reducing the community prop-

---

[2] The case is 42,969. Case No. 42,969 and the judgment rendered therein are not mentioned neither in the motion for summary judgment nor in the documents attached thereto. The judge stated in his opinion that the parties introduced evidence at the hearing of the motion. The assumption is that this action was evidence which the trial judge had under consideration.

erty acquired during the marriage of plaintiff and José Méndez, thereby placing the property in question outside the community property; that José Méndez had paid off the mortgage in full and, in concert with his close friend Eulalio Ortiz, an assignment of credit was falsely simulated and a deed of assignment was falsely and simulatively executed; and that Ortiz, acting in common concert with José Méndez, instituted the mortgage foreclosure proceeding, the purpose of all of which was to remove the said real property from the community property.

Defendants therein denied the facts. The case went to trial and on August 10, 1943 the former District Court of San Juan rendered judgment dismissing the complaint. Regarding the allegations of falsity, simulation and conspiracy of her husband with the other persons mentioned, the District Court made specific conclusions thereon in dismissing the complaint.

A comparison between the causes of action and the allegations of both suits is sufficient to show that, as to the second cause of action of the present litigation, it was proper to render summary judgment on the basis of res judicata. Whether or not the former ruling was correct— only a judgment obtained in a suit for review shall be effective against the presumption of the truth of the res judicata. Section 1204 of the Civil Code, 1930 ed.

## II

The other causes of action of this petition involve other considerations. Said the court:

"As to the other causes of action in the present complaint, it is also proper to render summary judgment based on the doctrine of res judicata, since plaintiff compromised and liquidated on November 22, 1943 her rights in the community partnership constituted with her husband by means of a brief submitted to and approved by the court on December 2, 1943 within the divorce suit, civil case No. 40,794.

"Plaintiff made such compromise and liquidation notwithstanding that within the same proceeding and in civil case No. 42,966, and prior to the compromise date, she repeatedly imputed to her husband fraudulent acts and schemes with his other brothers, defendants herein, for the purpose of depriving her of her share in the community property. Prior to the judgment of divorce plaintiff had already alleged in the proceedings mentioned all the fraudulent acts and schemes and acts of bad faith alleged in this complaint."

■ Recently, in *Roth* v. *Lugo*, 87 P.R.R. 365 (1963), speaking for the Court, we had occasion to emphasize certain norms which ought to govern the granting of summary judgment rendered and which lead to the basic criterion that judgment should not be summarily rendered unless the court has, through the mechanics provided by Rule 36 of the Rules of Civil Procedure, the whole truth on the material facts as if it had found them proved after resolving them at a trial, and the only thing which remains to be done is to apply the norm of law mentioned. The court cannot obtain through these mechanics the whole truth of the facts as long as the same are controverted, since, unlike the situation when they are substantiated at an oral trial, the court is not permitted under the Rule to settle conflicts on those facts, nor can it weigh or evaluate them except for the purpose of determining whether or not there is a genuine issue thereon, but not to adjudicate at such time the controversy, if any.

The ruling in *Roth* is fully applicable to the case at bar. There are, however, certain additional norms which we did not mention there and which apply better to a situation of fact such as in this petition.

■ Although Rule 36 is not excluded as a matter of law from any proceeding in particular of those which are governed by the Rules of Civil Procedure, there are suits and controversies which because of their nature it is not desirable or advisable to settle by summary judgment, since in such cases the court could hardly obtain the whole truth on the

facts through affidavits or depositions. This case is typical of one of those controversies involving subjective elements, and of intention and mental purposes in which the *credibility* factor plays an important, if not decisive, role in arriving at the truth, and in which a litigant depends mostly on the truth extracted from the adverse party at a live trial. *Cf. Colby* v. *Klune*, 178 F.2d 872 (2d Cir.); *Bozant* v. *Bank of New York*, 156 F.2d 787 (2d Cir.); *Subin* v. *Goldsmith*, 224 F.2d 753 (2d Cir.), and cases therein cited; *Arnstein* v. *Porter*, 154 F.2d 464 (2d Cir.); *Sarnoff* v. *Ciaglia*, 165 F.2d 167 (3d Cir.); *Firemen's Mutual Ins. Co.* v. *Aponaug Mfg. Co.*, 149 F.2d 359 (5th Cir.); *Arenas* v. *United States*, 322 U.S. 419; *Sartor* v. *Arkansas Natural Gas Corp.*, 321 U.S. 620; *Dulansky* v. *Iowa-Illinois Gas & Electric Co.*, 191 F.2d 881 (8th Cir.); *Smith, etc.* v. *Schenley Distillers, Inc.*, 190 F.Supp. 586; *United States* v. *Kansas Gas & Electric Co.*, 287 F.2d 601 (10th Cir.); *Loudermilk* v. *Fidelity & Casualty Co. of New York*, 199 F.2d 561 (5th Cir.); *Eccles* v. *Peoples Bank of Lakewood Village, Cal.*, 333 U.S. 426; *Kennedy* v. *Silas Mason Co.*, 334 U.S. 249; *Alvado* v. *General Motors Corp.*, 229 F.2d 408, 412 (2d Cir.); *Alabama Great So. R. Co.* v. *Louisville & Nashville R. Co.*, 224 F.2d 1 (5th Cir.).

■ It is a palpable fact that through the motion for summary judgment and the supporting documents and the opposition thereto and its documents, there remained for decision in this case a clear and genuine issue of fact which prevented disposition of the litigation summarily without an oral trial.

■ On the other hand, the trial court concluded that all of these facts had already been considered and in order to reach that conclusion it relied on the compromise made in the divorce suit. It is precisely that compromise accepting the liquidation of the community partnership as good which is challenged in the action on the basis of fraud, deceit, simulation, guile and falsity. It cannot constitute the reason

in law for concluding that by virtue thereof the present issue in which plaintiff claims her community share was decided.

■ Regarding the allegation that prior to the compromise plaintiff had made the same imputations to José Méndez, the fact does not create a situation of res judicata nor contradict her position in this action. Rather, it tends to buttress it. The record of civil case 40,794 shows that when petitioner requested a greater allowance for support in the course of the proceeding, she mentioned the fact that the $22,000 mortgage lien on the San Agustín property was nonexistent for the purposes of the rents which her husband was receiving therefrom, alleging that his separation from the mercantile partnership was void and simulated and that it was done for the purpose of defeating plaintiff's rights to support and in the liquidation of the community property. According to the divorce record, no action was taken on the allowance for support. Plaintiff could be confronted at a trial with respect to such allegations for the purposes of her credibility as to whether or not she had any knowledge of those facts at the time the compromise was made, but neither those allegations nor the only judgment rendered in that suit dissolving the marriage nexus create the condition of res judicata in this litigation.

The judgment summarily entered will be affirmed as to the second cause of action of the complaint as being res judicata, and it will be reversed as to all the others. The record shall be remanded to the trial court in order that the complaint be answered on the merits and a trial be held, and for any other pronouncements not inconsistent with this opinion.