FREDERICK S. SMITH, Respondent, v. COLUMBIA CASUALTY COMPANY, Appellant.

First Department, January 25, 1929.

*Wilson B. Brice* of counsel [*Charles L. Woody* and *Raymond M. White* with him on the brief; *Merrill, Rogers, Gifford & Woody,* attorneys], for the appellant.

*Robert L. Graham, Jr.,* of counsel [*Henry Escher* with him on the brief], for the respondent.

MARTIN, J.   The plaintiff obtained a summary judgment against the defendant for the sum of $22,129.97 on the theory that the papers submitted on the motion therefor established the fact that there was no defense to the action.

The original action which is the basis for this litigation was brought to recover commissions alleged to be due plaintiff from the firm of Frazier & Co., Inc.   The plaintiff attached the funds of that defendant and a bond was furnished by defendant surety company so that the moneys attached might be released.   A motion was then made for a summary judgment upon the pleadings and was denied.

Thereafter, the vice-president of Frazier & Co., Inc., entered into an agreement of settlement in behalf of that company and by his personal check paid the first two installments due by the terms of that agreement.   It was provided therein that in case of default in the payment of any installment, the plaintiff might enter judgment.   No further installments having been paid, a judgment was entered.   This action was then brought to recover from the surety company the amount of that judgment.

An answer was filed setting up three defenses.   Thereafter, a

motion for judgment under rule 113 of the Rules of Civil Practice was made on the ground that there was no defense to the action. Several witnesses were examined by the plaintiff and their testimony was submitted in support of the motion. Upon the testimony of these witnesses and the affidavits submitted therewith, judgment was granted for the plaintiff. This appeal is from that judgment.

It appears that Frazier & Co., Inc., is a foreign corporation having its principal place of business in Philadelphia, and a branch office in New York city. It was engaged in the business of selling investment securities. The plaintiff was a salesman and says he was employed in the New York office. Mr. Howard F. Hansell, vice-president of Frazier & Co., Inc., was in charge of selling securities in the New York office. He appears to have been a friend of the plaintiff and to have had entire charge of the alleged employment.

In the original action brought against Frazier & Co., Inc., Hansell denied that there was anything due the plaintiff and presented a counterclaim of $7,500 for commissions which it was alleged had been paid Smith, the plaintiff in that action, upon the sale of certain stocks to one Webb who had refused to carry out the terms of the sale.

The agreement, which resulted in a judgment being entered against Frazier & Co., Inc., was entered into through Howard F. Hansell, of Frazier & Co., Inc., which agreement provided that the plaintiff herein should accept $25,000 in full settlement of his claim and that the defendant would also pay an attorney's fee of $3,500, making a total of $28,500, which was to be paid in installments.

The first defense is founded on alleged misrepresentations by Frazier & Co., Inc., to the defendant bonding company in securing the bond. It is nowhere shown that these representations were in any way binding upon the plaintiff or that he knew anything about the making thereof or was in anywise responsible therefor. It is clear, therefore, that the first defense is insufficient and should have been stricken out.

The second defense is founded on fraud, and alleges that the plaintiff and Frazier & Co., Inc., through an officer who was friendly to the plaintiff, fraudulently conspired to enter a judgment in plaintiff's favor, and in pursuance of said conspiracy Frazier & Co., Inc., permitted the plaintiff to enter judgment against it upon a claim it did not owe and had contended by this same officer through

his affidavit not only that it did not owe, but that any indebtedness to plaintiff was an individual indebtedness due by that same officer who thereafter agreed that a judgment should be taken against Frazier & Co., Inc., by plaintiff. In this defense it is contended by the defendant surety company that the judgment was fraudulent and collusive and was known to be so by all the interested parties and is, therefore, not binding upon the defendant.

A judgment of the character referred to herein is not conclusive upon a surety. The surety has a right to appear and defend such an action and if it is in a position to establish that the judgment was improperly entered, irrespective of fraud, or that the defendant was not indebted to the plaintiff or was indebted to the plaintiff for a part only of the claim, then the surety may defend to that extent.

In *Conner* v. *Reeves* (103 N. Y. 527) the court said: " But at the same time to hold that a judgment entered by consent of the parties, and without notice to or approval by the sureties, is, in the absence of proof of fraud or collusion, conclusive against them, would open the door to the perpetration of secret frauds and subject sureties to a most hazardous responsibility, and to the discretion and judgment of a third person, which might seriously imperil them.   *   *   * "

In view of the facts set forth herein that this judgment was the result of fraud and was entered for a claim for which the defendant was not liable, this defense is properly pleaded. Such a judgment is presumptive evidence only against the surety company and that company is entitled to show there was nothing due from the judgment debtor or that the judgment is fraudulent as against the surety.

The third defense is that subsequent to execution and delivery of the undertaking of the surety company, an agreement was made which changed the terms of the liability provided for therein, which change materially increased the liability of the defendant bonding company upon its undertaking and increased the amount of the claim of plaintiff against Frazier & Co., Inc.; that said changes were made without the knowledge or consent of the defendant bonding company, by reason whereof the defendant was freed of any liability. No facts are pleaded from which any such conclusion may be drawn. This defense is a mere conclusion and fails to set up facts sufficient to constitute a defense.

It was error to strike out the answer and grant a summary judgment, especially in view of the allegations showing that at least part of the claim sued on by plaintiff was not a liability of

defendant Frazier & Co., Inc., and that a judgment for the same could not be recovered against the defendant.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.