In the Matter of the Estate of PEARL SLOBODIN-EDELSON, Also Known as MARY SLOBODIN, Deceased.

Surrogate's Court, Bronx County, June 28, 1932.

*Arthur Schrier*, for the petitioner.

*Benjamin Shepard*, for Lexington ˉ Surety and Indemnity Company.

HENDERSON, S. The petitioner heretofore made due application to compel payment of decedent's funeral expenses, and on May 7, 1932, an order was entered herein directing the administrator c. t. a.

to pay the same. The administrator has not made the directed payment and the sheriff has returned wholly unsatisfied an execution thereon duly issued after compliance with the pertinent statutes.

The petitioner now asks in this proceeding brought under section 115-a of the Surrogate's Court Act, that the liability of the surety on the administrator's bond be fixed with reference to the claim for funeral expenses, and that the surety be directed to pay the amount so determined.

The surety was not a party to the proceeding to compel payment of the claim, and now opposes the present application on three grounds set forth in an answer as follows: " a. The order which the petitioners seek to enforce by seeking a direction compelling the surety to make payment under its bond was not within the contemplation of the undertaking of the surety herein.

" b. The surety is not bound by the order directing the administrator to make payment dated May 7, 1932, not having been a party or privy to the proceeding.

" c. The purpose of Section 115a of the Surrogate's Court Act was not to furnish a creditor with the remedy sought to be invoked until after a final decree and not an intermediate order."

The contention of the surety expressed in paragraph " a " cannot be upheld, for one of the conditions of the bond is that the administrator c. t. a. " shall  *  *  *  obey all lawful decrees and orders of the Surrogate's Court of the County of Bronx touching the administration of the estate committed to him," and the order of May 7, 1932, was such an order. The answer alleges " that the administrator did not oppose the application " for the order, but the order has not been attacked on any other ground.

As to the ground set forth in paragraph " b," the surety was not a necessary party to the proceeding (Surr. Ct. Act, § 216), but was privy thereto by reason of its contract expressed in its joint and several bond, and was concluded by the determination therein made (*Casoni* v. *Jerome*, 58 N. Y. 315, 322; *Harrison* v. *Clark*, 87 id. 572, 575; *Power* v. *Speckman*, 126 id. 354, 359; *Steinert* v. *Van Aken*, 165 App. Div. 206, 211), in the absence of fraud or collusion as defined in *Richardson* v. *Trimble* (38 Hun, 409, 416), or unless such determination was not founded upon legal liability or exceeded such liability. (*Conner* v. *Reeves*, 103 N. Y. 527, 532.) The order directing payment in the proceeding to which the surety was not a party, therefore, does not become conclusive upon the surety until it has an opportunity to rebut the presumptive evidence of the order that the surety is liable thereunder. (*Conner* v. *Reeves*, *supra; Smith* v. *Columbia Casualty Co.*, 225 App. Div. 223, 226.) The opportunity for such rebuttal was given the surety in this

proceeding, but its answer does not allege any of the exceptions to conclusiveness above noted or that the order was improperly entered. (*Smith* v. *Columbia Casualty Co., supra.*)

The third ground is not well taken in this proceeding, which concerns a preferred claim for funeral expenses payable out of the first moneys received (Surr. Ct. Act, § 216), and not a general claim. It is, therefore, immateral whether or not there are many or few debts. It is a fact, as contended by the surety, that in the report to the Legislature, recommending the removal of the burden heretofore placed upon a claimant of enforcing in another forum his rights against the sureties on the representative's bond, after his claim had been duly adjudicated in the Surrogate's Court, the Commission to Investigate Defects in the Law of Estates stated that the Commission believed that such enforcement " should be simplified and expedited after the liability of the principal has been duly established *in an accounting proceeding to which the surety is a party.*" (Legislative Documents, 1931, No. 69, p. 93.) The statute as enacted, however, provides for such enforcement in the Surrogate's Court, " where a decree has been made *in any proceeding* directing payment by " the representatives of an estate or of an infant. (Surr. Ct. Act, § 115-a, subd. 1.) There is no ambiguity in the statute. The order directing payment herein is not an intermediate order except in the sense that it is made between the issuance of letters and the entry of a decree settling the representative's account. It is a final order determining the rights of the parties to a special proceeding in this court, and although termed an order (Surr. Ct. Act, § 216), is in fact a decree (Surr. Ct. Act, § 78) directing payment of money, and is enforcible as such. The Legislature has wisely left the advisability of fixing the surety's liability in any particular proceeding to the discretion of the surrogate and his determination as to payment as justice may require. (Surr. Ct. Act, § 115-a, subd. 1.) The original claim, exclusive of interest, aggregated only $199.50. It is not disputed that this amount was approved by the administrator at whose request the funeral services were performed on March 26, 1931. Justice requires its payment without further delay. If the order were properly entered, a denial of this application would be a denial of justice.

The respondent alleges that " a reading of the petition *herein* does not disclose a single statement indicating that the estate has or had funds which should have been applied to the payment of petitioner's alleged claim." If the surety refers to the present petition, such a statement is unnecessary therein. The order or decree directing payment is conclusive evidence in the absence of

fraud, collusion or other inequitable act or omission, that there were sufficient assets in the representative's hands to pay the amount directed. (Surr. Ct. Act, § 79.) If the surety refers to the petition in the proceeding to compel payment, such an allegation is therein contained, coupled with a statement that the administrator " in conversations * * * admitted having withdrawn the funds belonging to the deceased from " a specified bank. That petition also refers to an affidavit of the administrator which alleged that the decedent had a bank account in the said bank. That affidavit was filed upon an application to amend the papers filed in this estate by adding another name to that of the decedent as set forth therein, and alleged " that the bank refuses to pay over the money to the deponent unless the papers herein are amended." An order so amending the filed papers was entered upon said affidavit and upon the consent of the surety, duly proved, and filed therewith. The surety further alleges that it " does not know what the status of the outstanding liabilities and assets are in connection with this estate." Such a lack of knowledge is not a bar to this proceeding, and the amount of liabilities is immaterial upon the issue involved — whether or not a claim for funeral expenses should be paid.

In view of the fact that the answer filed herein is in the nature of a demurrer to the petition, and in the exercise of my discretion (*Bearns* v. *Gould*, 77 N. Y. 455), I will permit the respondent to serve and file an amended answer on or before the 6th day of July, 1932, so as to afford it an opportunity to oppose the application to the extent indicated in *Smith* v. *Columbia Casualty Co.* (*supra*) and in *Conner* v. *Reeves* (*supra*). If such an amended answer is not so served and filed, I will grant the application, fix liability in the sum of $199.50, with interest from March 26, 1931, together with the disbursements set forth in the petition amounting to $8.05, and direct payment thereof by the surety.

Settle order accordingly.