In the Matter of the Estate of FRANK E. HAYES, Deceased.

Surrogate's Court, Kings County, October 18, 1934.

*Frank M. Gordon*, for the petitioners.

*Kooperstein & Kooperstein*, for the executor.

*Charles Moed*, for Lula L. Hayes, widow, an incompetent.

*Samuel Stark*, for Helen M. Lloyd, residuary legatee.

WINGATE, S. The facts in these two applications to compel an executor to deliver stock certificates of Frank E. Hayes, Inc., to the petitioners, are identical.

The decedent caused the corporation to be organized, the present applicants, his mother and sister, being named with him as incorporators. Certificates for ten shares of the stock of the corporation were issued in the names of each, but at least those in the names of these petitioners were retained in the possession of decedent and so remained until the time of his death. There is no allegation or

pretense that any consideration was paid by the mother or sister for these shares. If, therefore, they became their property, it must have been by reason of a gift by the decedent. To constitute a valid gift, however, delivery is an essential prerequisite and this must be as perfect as the circumstances of the case will permit. (*Matter of Dunne*, 136 Misc. 250, 251; affd., 232 App. Div. 831; *Matter of Vitelli*, 139 Misc. 165, 166, 167; affd., 233 App. Div. 867; *Matter of Vaughan*, 145 Misc. 332, 336; *Matter of James*, 148 id. 124, 126.) Here no delivery, symbolical or otherwise, took place, and lacking it, the mere writing out of the certificates in the names of the petitioners accomplished no gift of the shares to them as against the decedent or his estate. (*Matter of Moran*, 136 Misc. 615, 625.) Section 10 of the Stock Corporation Law, by its terms, applies only to an " action or proceeding against such corporation or any of its officers, directors or stockholders " obviously in their capacities as such. The authorities cited by petitioners carry the rule no further.

That the decedent had no thought or intention of vesting the immediate ownership of these shares in the petitioners is further evidenced by the fact that he bequeathed the same to them in his will. Perhaps they will ultimately receive them in the course of distribution of the estate, but this is a matter which must depend on facts which are not presently determinable such as the claims of creditors, the expenses of administration, etc.

Both applications are in all respects denied.

Enter orders on notice accordingly.