In the Matter of the Accounting of HELEN R. FORREST, Formerly HELEN F. ROBERTSON, as Executrix of ELLA S. ROBERTSON, Deceased.

Surrogate's Court, Richmond County, July 7, 1948.

*Edward D. Caiazzo* for executrix.

BOYLAN, S. In this accounting proceeding, the executrix has requested the court to fix the fee of her attorney pursuant to section 231-a of the Surrogate's Court Act. The fee is fixed in the sum of $3,650.

The executrix has failed to include in her account any of the stocks of the decedent, claiming that these are not assets of the estate. She relies on a power of attorney executed by decedent and a transfer of stock or bill of sale to herself and her

brother, Louis M. Robertson. The power of attorney executed on May 17, 1937, gives Helen F. Robertson power " to make and sign checks upon Corn Exchange Bank Trust Co., New York; to make and accept drafts; to make and sign trust receipts; to endorse all notes, checks, drafts, warehouse receipts, bills of lading, insurance certificates, or other commercial documents to which endorsement is necessary or may be required; to make promissory notes, hypothecate securities as collateral thereto, and to sell or exchange any such securities for others from time to time as may be desired, negotiate loans and discounts, and execute and give guarantees with and to said Trust Company." The transfer of stock or bill of sale is dated March 7, 1947, one month before the death of decedent.

The will of deceased sets up two trusts, one for her son, Louis M. Robertson, and one for her daughter, Helen F. Robertson (Forrest) with the provision that in the event of the death of either child without issue then the income of the trust fund of the deceased child shall be paid to the surviving child with remainder to the issue of the surviving child. It appears from the petition that Louis M. Robertson has three children while Helen F. Forrest has none.

The court holds that the power of attorney did not give Helen F. Robertson (Forrest) the right to make a gift of these stocks to herself and her brother and therefore the attempted transfer of stock was ineffectual. The executrix is directed to amend her account so as to include the stocks of decedent in the assets of the estate.

After the account is amended, enter decree judicially settling the account as amended and in accordance herewith.