Sadie F. Berson, Appellant, v. Blue Ridge Coal Corporation, Respondent.— Having considered the case on the full record including the evidence presented at the trial, we come to the conclusion that there was no symbolic delivery of the stock. Judgment unanimously affirmed, with costs. Present — Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ. [197 Misc. 475.]

John W. Vandercook, Respondent, v. John Masterson et al., Copartners Doing Business as Masterson, Reddy & Nelson, Defendants, and Muntz T V, Inc., Appellant.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Van Voorhis, Shientag and Heffernan, JJ.

Rose Jacob et al., Appellants, v. Nathan Gelb et al., Doing Business as 2710 Morris Ave. Co., Respondents.— Plaintiff claims to have slipped and fallen because of an alleged wet and soapy condition of the lobby vestibule of the apartment house in which she lived. The superintendent testified that he was in the lobby working shortly before the time of the accident, and that he had washed the floors early that morning, but had not used soap and had dried them long before the accident. The learned Trial Justice withdrew the case from the jury and dismissed the complaint because plaintiff had not shown that the condition complained of was created by or known to the landlord. We think the case should have been submitted to the jury. The jury need not have accepted the superintendent's testimony as to the time he admittedly washed the floors. If the jury accepted plaintiff's testimony and other testimony as to the condition of the floors at nine o'clock in the morning, it might have found that the condition was created by the superintendent who admittedly had been at work in the lobby shortly before. Jury questions were raised. Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.