John D. Bennett, S.
This is a proceeding brought by the decedent’s widow against the estate’s representatives to establish the ownership of certain personal property. The issues as to all the property except 200 shares of Long Island Lighting Company and 300 shares of General Telephone and Electronics *189 Corp. stock have apparently been resolved by the parties themselves.
Both the 200 shares of Long Island Lighting Company stock and the 300 shares of General Telephone and Electronics Corp. stock, discovered in the decedent’s safe-deposit box to which he had sole access during his life, were registered in the name of the widow. She claims that these stocks were purchased for her by the decedent and given to her as a gift. The respondents contend that the dominion and control exercised by the decedent over the stock during his life forecloses the possibility of a gift. Essentially the respondents attempted to prove that all dividends from these stocks were received by the decedent and placed in his account, that he exercised certain rights declared on these shares to purchase further stock in his individual name, and that such shares were at all times in his personal possession and under his control.
The petitioner’s witnesses included the decedent’s personal accountant who testified that in the course of his preparation of an income tax return for the year 1956, he noticed a dividend check from General Telephone and Electronics Corp. made payable to the petitioner. Upon inquiry by the accountant, the decedent stated that it represented a dividend on stock owned by his wife and that she also owned Long Island Lighting Company stock. This fact was noted in the 1956 and 1957 New York State income tax returns filed by the petitioner.
A business representative of the stock brokerage company with which the decedent had an account, testified that decedent instructed him to purchase General Telephone and Electronics Corp. and Long Island Lighting Company stocks to be issued in his wife’s name as a gift or present for her. The petitioner herself testified, over objection, that she received dividends on these shares and on occasion retained such dividends. The objection that this was inadmissible under section 347 of the Civil Practice Act is overruled. This was neither direct testimony of a transaction with the decedent, nor an indirect attempt to prove such a transaction. The case of Richardson v. Emmett (170 N. Y. 412) cited by the respondents is not applicable in that testimony there of possession by the donee inferentially established delivery by the donor.
The petitioner’s brother-in-law, employed in the decedent’s business, in a discussion concerning the advisability of his making investments, stated that the decedent declared to him his intention to purchase stock for his wife in the corporations in question. Some time later, the witness was present when the decedent actually turned over an envelope containing stock cer *190 tificates to Ms wife and at the same time, made statements indicating that such delivery was, in fact, a gift. Respondents, however, point out that there is no identification of the stocks in the envelope as being those in issue. In another discussion concerning investments with a neighbor, Mrs. Krazeise, the decedent said to her that he had given his wife shares in General Telephone and Electronics Corp.
Although respondents argue that the very important element of a gift, delivery, has not been shown, the issuance of the certificates of stock in petitioner’s name, together with the decedent’s declarations made to the several witnesses, is sufficient to demonstrate the delivery of the stock. (Matter of Golos, 64 N. Y. S. 2d 625.) In the last-cited case, the court, in analyzing situations similar to the one here presented, stated, at page 628; ‘ ‘ The significant holding in all three of the above cases is that the declarations of the donor were competent to prove the delivery. I therefore hold that there was a delivery in the present case based upon the act of handing the certificates to the secretary of the corporation and the declarations of the donor both prior and accompanying said act.” (See, also, Matter of Brady, 228 App. Div. 56, affd. 254 N. Y. 590; Berson v. Blue Ridge Coal Corp., 197 Misc. 475, affd. 278 App. Div. 681.) Matter of Schenk (208 Misc. 762), cited in the respondents’ brief, is clearly distinguishable since the court there stated that although there was no physical delivery of the stock, ‘ ‘ that would not be indispensable if there were other events or declarations signifying a gift.” Here there are such declarations and events indicating a donative intent and that such intent was, in fact, carried out. Accordingly, the 200 shares of Long Island Lighting Company stock and 300 shares of General Telephone and Electronics Corp. stock are held to be the property of petitioner and respondents are directed to turn over the same to the petitioner.