Anthony M. Livoti, J.
In this action tried before the court, plaintiff Richard F. Klein, Sr., demands judgment declaring him to be the sole and exclusive owner of stock certificate No. N037197 representing 255 shares of the capital stock of American Telephone & Telegraph Company; that the defendant Richard F. Klein, Jr., be ordered to indorse and transfer said stock certificate to the order of the plaintiff; that the defendant American Telephone & Telegraph Company be directed to issue to the plaintiff a new stock certificate representing 255 shares of its capital stock in the name of the plaintiff upon surrender of said certificate No. N037197.
The plaintiff is the father of the individual defendant herein. In the course of his lifetime, plaintiff acquired a total of 255 shares of stock in the defendant American Telephone & Telegraph Company. This stock, along with various bank accounts, were registered, recorded and held in the names of plaintiff and his wife Mary A. Klein, as joint tenants with the right of survivorship.
In December of 1959, plaintiff caused the 255 shares of stock of the defendant American Telephone & Telegraph Company to be transferred on the books of said company to the plaintiff and defendant Richard F. Klein, Jr., as joint tenants, not as tenants in common, with the right of survivorship. The transfer of the stock was effectuated because of what proved to be an incurable illness suffered by Mary A. Klein. Plaintiff herein stated that rather than have the shares of stock in his name only, he would have his son a joint owner. Plaintiff states this was done so that if any thing happened to Mm, Ms son would get his assets with a minimum of difficulty. Plaintiff is now 76 years of age.
The stock certificate in. question earns dividends which are paid on a qfiarterly basis. Testimony was adduced that the dividend checks for 1960 and for the first dividend period in *605 1961 were payable to the plaintiff and his son, the individual defendant. Further, that these checks were indorsed by his son; that his son did not receive any part of the proceeds. Plaintiff also testified that the remaining dividend checks for the year 1961 were payable to him alone and that the individual defendant did not receive any part of the proceeds. Plaintiff also testified that at all times he had possession of the stock certificate: that his son was never in control of said stock certificate.
It is plaintiff’s testimony that his intention was not to make the shares in question a gift during his lifetime, but that he intended the shares of stock be the property of his son sometime in the future; that in 1959, when the transfer xvas effected, there was no intent to give the individual defendant anything other than the right of survivorship.
The above testimony by the plaintiff was not refuted by the individual defendant herein. He offered no proof of his possession of the stock certificate or that he exercised any proprietary interest therein, nor that he ever received any part of the dividends.
In order to prove a valid gift, it is necessary to prove that there was on the part of the donor an intent to give, the delivery of the thing given, and, on the part of the donee, acceptance. Delivery by the donor, either actual or constructive, operating to divest the donor of possession of and dominion over the thing is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes title. The intention to give is often established by the most satisfactory evidence, although the gift fails. (Beaver v. Beaver, 117 N. Y. 421, 428.)
In Weil v. Commissioner of Internal Revenue (82 F. 2d 561), it was alleged that a man gave some stock to his children, but he retained control and custody of it, apparently for the purpose of exercising domininon over the stock in the event of sale of it. The court held that such retention by the donor was inconsistent with a present absolute gift, notwithstanding the transfer of stock on the company’s books.
In the instant case, while it has boon established that there was an intent to make a gift, this court will not sustain a holding that there actually was a gift in view of the fact that the evidence has not established that plaintiff herein ever relinquished possession and dominion of the shares of stock, (Matter of Crawford, 113 N. Y. 560.)
*606 Therefore, this court holds that the registration of the stock on the company’s hooks in the names of Bichard F. Klein and Bichard F. Klein, Jr., is not enough to give the individual defendant (Bichard F. Klein, Jr.) legal title to the stock.
Judgment is therefore granted in favor of the plaintiff, declaring him to he the sole and exclusive owner of stock certificate No. N037197 representing 255 shares of capital stock of the defendant American Telephone & Telegraph Company.