Louis B. Heller., J.
The court’s attention having been called by a reader of the New Yorh Law Journal (not by either party) that by recent amendment (L. 1967, ch. 184, § 2, eff. Apr. 10, 1967) subdivision 4 of section 32 of the Domestic Relations Law has been repealed, the decision of the court which appeared in the New Yorh Law Journal on November 13, 1967, (p. 24, col. 2) is hereby recalled and withdrawn and should now read as follows:
The defendant wife moves by order to show cause for an order (a) pmiishing the plaintiff husband for contempt for failing to pay alimony and support allegedly due under a judgment of this court, now in the claimed sum of $14,480; (b) directing the entry of a money judgment in the stated amount; (c) increasing the support payments from $20 to $75 per week; and (d) directing payment of a counsel fee for this application.
The plaintiff husband cross-moves to modify the final judgment of annulment entered in this court (Feb. 8, 1950) so as to delete the support and alimony provisions therein, and for denial of his former wife’s quest for the relief she seeks.
Briefly, the submitted papers show these facts: That the parties were married in this city on February 18,1947; that two children were born of this union, Michael on July 23, 1946 and Stephen on February 28,1948. On February 8,1950 the plaintiff husband obtained an annulment of the marriage on the ground that at the time of the marriage he was mentally incompetent; the judgment also granted custody of the children to the wife with visitation rights to the husband and an award of alimony was granted the wife for her support and the support of the two children in the sum of $35 per week.
Later the parties reached an agreement evidenced by a duly executed written stipulation (Oct. 26, 1950) reducing the payments to $20 per week and the judgment was thereafter on October 27, 1950 amended accordingly; that plaintiff husband made the required reduced payments to and including July, 1953. Defendant wife contends that she has received no support since then, and claims the sum of $14,480 to be due from her *109 former husband under the provisions of the judgment as amended, supra; that he is licensed to and does operate an employment agency from which she alleges ho enjoys a weekly income of $750; that to supplement her earnings of $50 per week she seeks an increase for her support to $75 per week.
In rebuttal the plaintiff husband asserts that the older child Michael became 21 years of age this past July and the younger child is 19 years of age and self-supporting, and the latter son was found to be so by Kaplan, J., of the Family Court in 1965. He further informs the court that his former wife over the past many years received financial aid from the Department of Welfare of the City of New York in an amount approximating $30,000 to $35,000; that in any event she made no demand on him for the past 14 years and therefore his defense of laches should not be ignored. Nor, he contends, should the fact be overlooked that his former wife will be unjustly enriched under these circumstances were she to receive the relief now urged upon the court to grant her.
Moreover, the plaintiff husband asserts that his former wife’s present application is retaliatory and was commenced when she learned of his remarriage and that he sired a child, now 16 months old. Further, he contends that his former wife, having slept on her rights for 14 years, equity should not now come to her aid. It could indeed be that her dormant attitude over these many years was not due to oversight or the result of her failure to receive proper legal advice, but it may be that since she was the recipient of moneys for her support and maintenance and the support and maintenance of her children from a third party (Department of Welfare), she required no financial assistance; therefore, there was no need for her to make a demand upon her former husband to comply with the alimony and support provisions of the amended judgment, other than her application to the Family Court in 1965, as the husband informs this court. The disposition in the Family Court as appears in the plaintiff husband’s papers was as follows: “ The judgment suspended the payments and the case was marked closed. No other action was taken in the Family Court and no other proceedings were brought by the defendant until this application in the Supreme Court, Kings County, where the annulment was originally granted.”
The papers submitted on the prime motion are devoid of a showing that movant through the intervening years made a single demand upon her former husband, other than the aforestated application in the Family Court, for any assistance for alimony and/or the support of the two children. Nor does she *110 show that she made an. effort’ to enforce the obligation on the part of the plaintiff husband. Giving no tenable reason for her delay, it is apparent that she now .seeks to create a windfall for her benefit. This she cannot do (Amato v. Ernst, 108 N. Y. S. 2d 132, 133).
As to the assertions contained in the cross motion, the defendant wife fails to deny, contradict or rebut the claim that she and the children were granted the financial aid and assistance from the Welfare Department. Thus it is evident that the money awarded for the benefit of the children and herself was not required, and nothing was lost by the plaintiff husband’s default.
As the court stated in Amato v. Ernst (supra, pp. 133-134): 11‘ Then the breach by the husband of the duty to pay would be only technical. To award either to the mother, for the benefit of the child, or directly to the child, a sum representing an amount unpaid would be an unjust and inequitable enrichment. Neither of them could recover in an action. Swanton v. Curley, 273 N. Y. 325, 7 N.E. 2d 250).’” (See, also, Silkworth v. Silkworth, 225 App. Div. 226.)
As to the plaintiff’s cross motion, the Domestic Relations Law having been amended (supra), a parent no longer is liable for the support of a son or daughter 21 years of age or older and the motion is granted to the extent of amending the judgment herein so as to provide only for plaintiff’s support of the defendant wife and striking therefrom the provision referring to the support of the children. As to the balance of the cross motion which seeks to strike the alimony provisions, the motion is denied in view of the consented-to stipulation upon which the amended judgment was founded and whereby the plaintiff husband’s payments were reduced to $20 per week (Lappert v. Lappert, 20 N Y 2d 364, 369; Brody v. Brody, 19 N Y 2d 790).
As to the initial motion by defendant wife, the court finds from all the submitted papers that she failed to show whether or not any third parties are still financially aiding her, especially with relevance to her former husband’s claim that the Welfare Department has assisted her in the amount stated, and whether such aid is continuing, and if not, from whom she borrowed funds to support herself as she asserts, and to what extent, if any, either or both of her sons have made or are making contributions to the household.
Accordingly, since she has failed to directly or indirectly dispute her former husband’s claims as to the financial aid she was receiving, her motion is in all respects denied (Silkworth v. Silkworth, supra) with leave to renew, however, upon a showing of changed circumstances.