■ LILLIAN BORNSCHEUER, Individually, and as a Stockholder of LYBCO, INC., Respondent, v. LYBCO, INC., Defendant, and CHESTER BORNSCHEUER, Appellant.— In an action to rescind a transfer of shares in the capital stock of the corporate defendant and for other relief, defendant Bornscheuer appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered January 15, 1969 after a nonjury trial, as (1) is in favor of plaintiff upon her first cause of action; (2) directed defendant Bornscheuer to sign the pertinent stock certificate over to plaintiff and return same to her; and (3) dismissed defendant Bornscheuer's counterclaim. Judgment reversed insofar as appealed from, on the law and the facts, with costs; plaintiff's first cause of action dismissed; and judgment granted to defendant Bornscheuer, upon his counterclaim, that he is, and at all times in question was, the sole beneficial owner of the shares of stock in question. In our opinion, the evidence did not make out a completed gift of the corporate stock in question to plaintiff. The mere issuance of the certificate in plaintiff's name without evidence of a donative intent on the part of appellant or of a delivery, either actual or constructive, is insufficient to constitute a gift (*Matter of Hayes,* 153 Misc. 233; *Matter of Moran,* 136 Misc. 615; *Matter of Schenk,* 208 Misc. 762). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.