■ ISABEL R. BONET, Also Known as ISABEL FANDINO, et al., Appellants, v. 600 WEST 133RD STREET CORP., Respondent, et al., Defendant.— Judgment, Supreme Court, New York County, entered on June 26, 1969, affirmed, without costs and without disbursements. Although the discharged superintendent testified that plaintiffs informed him of the alleged accident and it appeared that respondent's president visited the premises once or twice a week, the latter's first notification of the occurrence was by service of the summons and complaint almost three months later. An experienced Judge heard and observed the witnesses and their credibility was to be assessed by him. He obviously did not believe plaintiffs or their witnesses. Concur — McNally, Tilzer and Macken, JJ.; Nunez, J. P., and Kupferman, J., dissent in the following memorandum by Nunez, J. P.: I would reverse the judgment dismissing the complaint, direct the entry of judgment on the issue of liability in favor of plaintiffs and remand for an assessment of damages. Plaintiff wife sustained serious fractures when she fell on a soapy, slippery floor in the vestibule of her apartment house. The uncontradicted testimony of the injured plaintiff and a disinterested witness, established that as the plaintiff was emerging from defendant's apartment house, where she resided with her husband, her foot slipped out from under her and she was projected down three steps, fracturing her tibia and fibula; the entire vestibule and steps were wet with soap. Plaintiffs called defendant's former superintendent, Carlos Ortiz, as their witness. He testified that on the day of the accident, in discharge of his duties, he had washed the area where the accident occurred with "water and soap and some ammonia". Although defendant in its answer denied that Ortiz had been its employee, its president, called as a witness by plaintiffs, testified that Ortiz, whose duties included the mopping of the accident locale, had been the superintendent of the building in question for a year and a half and that he was the only superintendent of that building on the date plaintiff was injured. Plaintiffs' clear, uncontradicted proof of the wet, soapy and slippery condition of the vestibule established defendant's negligence. (See *Sharac* v. *Perretta*, 3 A D 2d 935, affd., 3 N Y 2d 965; *Shearod* v. *Forty First & Park Ave. Corp.*, 254 N. Y. 618; *Jacob* v. *Gelb*, 278 App. Div. 681.) The trial court, completely disregarding the uncontradicted

and persuasive evidence submitted by the plaintiffs, rendered judgment in favor of the defendant. In so doing the court erred. " Where * * * the evidence of a party to the action is not contradicted by direct evidence * * * and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to its conclusiveness." (*Hull* v. *Littauer,* 162 N. Y. 569, 572; Richardson, Evidence [9th ed.], § 123, pp. 95–96.) " In this nonjury case, it is within the province of this court to grant the judgment which, upon the evidence should have been granted by the trial court." (*De Mayo* v. *Yates Realty Corp.,* 35 A D 2d 700 and cases therein cited.) In *De Mayo,* our own court did not hesitate to use such power and reversed the learned Trial Justice who had found in favor of an injured plaintiff on the issue of liability and dismissed the complaint. For the foregoing reasons, the judgment dismissing the complaint should be reversed, and judgment entered in plaintiffs' favor on the issue of liability with an assessment of damages to follow.