60 N.Y.2d 845 (1983)
In the Matter of Ossining Urban Renewal Agency, Respondent,
v.
Elissa Lord et al., Defendants, and Pine Top Building Corp., Appellant.
Court of Appeals of the State of New York.
Argued October 20, 1983.
Decided November 3, 1983.
Bernard Gartlir and Judith A. Kaufman for appellant.
Hugh A. Lavery, Jr., for respondent.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, MEYER, SIMONS and KAYE concur in memorandum.
*847 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Supreme Court to remand to the commissioners of appraisal for further proceedings in accordance with this memorandum.
The CPLR 3222 submission constituted a stipulation between the parties of the facts stated in the submission and was conclusive of such facts as between the parties to the proceeding (Mann v Simpson & Co., 286 N.Y. 450). The parties here stipulated that the easement granted to Pine Top in the conveyance to it from Elissa Lord of the 13.68 parcel "represented the only access of ingress and egress which Pine Top had to a public road from the property so conveyed." That that easement has been extinguished was the express holding of the order of the Supreme Court reinstated by our prior order in this litigation (Matter of Ossining Urban Renewal Agency v Lord, 39 N.Y.2d 628).
The easement referred to in that stipulation purported to grant Pine Top the right to cross not only the 5.5 acre parcel retained by Elissa Lord but also the "Right of Ingress and Egress to and from Snowden Avenue over, *848 across and upon an `Access Drive' * * * through lands of the People of the State of New York" lying between Pine Top's land and that of Lord. Having stipulated that the easement granted Pine Top was inclusive of passage over State land and the litigation having proceeded on that assumption and having reserved no issue concerning the effect of so much of the easement as purported to authorize Pine Top to cross State land, the renewal agency was bound by its concession that the easement gave Pine Top access to a public road. It was, therefore, error for the commissioners of appraisal to evaluate the condemned easement on the basis that it provided no right of passage over the State's land. Whatever the nature of Pine Top's right to cross the State's land, the stipulation conceded that it had such a right. It was, therefore, entitled to damages calculated on the basis of that right (see Campbell v State of New York, 32 N.Y.2d 952). That the exact location of Pine Top's access and route across the State land had not been determined is, in the face of that stipulation, irrelevant, as is the possibility that the State, which ultimately abandoned the highway, might be persuaded to provide Pine Top access to a public road over its land.
Order reversed, etc.