In the Matter of the Estate of PATRICK J. CARROLL, Deceased. LLEWELYN J. CARROLL et al., Respondents; RICHARD B. CARROLL, Appellant.

Second Department, April 9, 1984

**APPEARANCES OF COUNSEL**

*James P. Hoopes* (*Mary B. Starr* of counsel), for appellant.

*White & Case* (*Burton T. Ryan* and *Christopher B. Roberts* of counsel), for respondents.

**OPINION OF THE COURT**

TITONE, J. P.

In this proceeding commenced by the executors of the estate of Patrick James Carroll to discover property (SCPA 2103), Richard Bruce Carroll, one of the decedent's sons, appeals from so much of a decree[1] of the Surrogate's Court,

---

1. The decree is incorrectly denominated an order. The Surrogate's determination constitutes a final adjudication of the rights of the parties to a special proceeding and,

Queens County, as determined that a stock certificate found in the decedent's safe-deposit box constituted an asset of the estate and directed him to execute the necessary documents to transfer the shares to the petitioners.[2]

The issue is whether a valid *inter vivos* gift of securities can be made by registering the securities on the books of the corporation in the name of the donee without a physical delivery of the certificates. We hold in the affirmative and, therefore, reverse.

The salient facts are stipulated. Prior to his death, the decedent transferred 3,000 shares of Planning Research Corporation stock to appellant. The transfer was entered on the books of the corporation and a stock certificate was duly issued in appellant's name alone. Physical possession of the certificate was retained by the decedent and, subsequent to his death, it was found in his safe-deposit box.

Following appellant's refusal to execute a stock power, petitioners commenced this proceeding pursuant to SCPA 2103. Appellant appeared, claiming that the decedent had transferred the stock to him as a gift but had retained the certificate for safekeeping.

The parties limited the issue before the Surrogate to whether the transfer of ownership on the books of the corporation constituted a sufficient delivery. It was petitioners' position that title was not conveyed. The Surrogate agreed. We come to a contrary conclusion.

The requisites for a valid *inter vivos* gift are an intention on the part of the donor to make a gift, an acceptance by the donee, and delivery of the gift pursuant to the donor's intent (*Matter of Szabo,* 10 NY2d 94, 98; *Matter of Van Alstyne,* 207 NY 298, 306; *Matter of Kelsey,* 29 AD2d 450, 456, affd on opn of App Div 26 NY2d 792). Although the burden of proving that a gift was made must be established by the one asserting it by clear and convincing evidence,

therefore, is properly terminated by a decree (SCPA 601; *Matter of Slobodin-Edelson,* 144 Misc 273, 275).

2. The decree also directed another son, Donald J. Carroll, to transfer 1,000 shares of the same stock to petitioners. Donald, however, has not appealed from the decree and we are unable to afford him any affirmative relief (*Hecht v City of New York,* 60 NY2d 57; *Foster v Foster,* 99 AD2d 284; cf. *Cover v Cohen,* 61 NY2d 261, 277-278; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112).

inasmuch as no constitutional or liberty interest is involved "this does not mean that the donee must prove the gift by more than a fair preponderance of the evidence, but that the evidence will be more carefully scrutinized" (*Matter of Kelsey, supra,* p 456; see, also, *Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255, 258; *Mortellaro v Mortellaro,* 91 AD2d 862).

In this case, the elements of donative intent and acceptance have been removed from the case by stipulation (see *Matter of Ossining Urban Renewal Agency v Lord,* 60 NY2d 845; *Mann v Simpson & Co.,* 286 NY 450, 459). In any event, the indorsement of the stock transfer certificate constitutes strong evidence of the decedent's intent (see *Matter of Szabo, supra,* p 99; cf. *Gordon v Gordon,* 70 AD2d 86, affd 52 NY2d 773) and when intent and delivery are present "acceptance, also, may be implied where the gift, otherwise complete, is beneficial to the donee" (*Beaver v Beaver,* 117 NY 421, 429; see, also, *Mortellaro v Mortellaro,* 91 AD2d 862, 863, *supra*). We turn, then, to the element of delivery.

Commentators have observed that the delivery requirement in the law of gifts serves three important functions. First, it makes the significance of the act vivid and concrete to the donor. Second, the act of manual transfer is unequivocal to the actual witnesses to the transaction. Finally, the fact of delivery gives the donee prima facie evidence of the alleged gift (see Mechem, The Requirement of Delivery in Gifts of Chattels and of Choses in Action Evidenced by Commercial Instruments, 21 Ill L Rev 341, 348; see, also, Rohan, The Continuing Question of Delivery in the Law of Gifts, 38 Ind LJ 1; Rohan, Some Problems of Constructive Delivery, Agency and Proof in Gift Litigation, 38 Ind LJ 470).

These functions may be fulfilled, in the case of registered stock certificates, by a symbolic delivery (see Note, The Problem of Delivery in Gifts of Stock, 68 Dick L Rev 429). In *Matter of Szabo (supra),* the Court of Appeals recognized that a symbolic delivery would be sufficient when the evidence established a transfer of record on the stock books of the corporation. The Uniform Commercial Code similarly provides that delivery occurs in the case of a gift (see

Uniform Commercial Code, § 1-201, subds [32], [33]), when appropriate entries are made on the corporate records (Uniform Commercial Code, §§ 8-313, 8-320).

We followed this approach in *Matter of Ferguson* (54 AD2d 982, affg NYLJ, April 14, 1976, p 12, col 5). In that case, the decedent sent stock certificates to a corporation with directions to transfer the ownership of the shares and to issue new certificates. The new certificates were returned to the decedent, but he died before they could be forwarded to the donees. Surrogate Bennett, in a well-reasoned opinion, held that the decedent had made a completed *inter vivos* gift of the shares of stock represented by the new certificates. We affirmed, stating (54 AD2d 982) that the "Surrogate was fully warranted in finding that the criteria required by law to establish *inter vivos* gifts (see *Matter of Van Alstyne,* 207 NY 298, 306; *Matter of Szabo,* 10 NY2d 94, 98) were established in this case" (see, also, *Matter of Wolf,* 29 Misc 2d 188; *Matter of Babcock,* 85 Misc 256, affd 169 App Div 903, affd 216 NY 717; Transfer on Corporate Books as Sufficient for Gift of Stock, Ann., 6 ALR4th 250, § 7, pp 269-272).

The paralogism in petitioners' argument is perhaps best displayed by their demand for an order to compel appellant to execute all documents necessary to convey the certificates back to estate. It is self-evident that if a delivery had not taken place such a demand would be superfluous. Moreover, even in instances where a stock certificate is placed in joint tenancy, transfer on the books of the corporation would satisfy the element of delivery (*Matter of Szabo,* 10 NY2d 94, 98-99, *supra*), although there may be difficulties with proving donative intent as the transfer may have been made for the purposes of convenience rather than as a gift (see, generally, Issuance of Stock Certificate to Joint Tenants as Creating Gift Inter Vivos, Ann., 5 ALR4th 373).

Indeed, the element of delivery should not be confused, as it has been in some of the cases, with the element of donative intent. Absent donative intent, a gift will fail even if there be a constructive delivery (see *Bornscheuer v Lybco, Inc.,* 33 AD2d 1020). As indicated, however, the parties have stipulated that question out of this case.

Quite distinguishable, of course, are cases involving bearer securities (e.g., *Young v Young,* 80 NY 422; *Matter of Abramowitz,* 38 AD2d 387, affd 32 NY2d 654, *supra; cf. Matter of Crawford,* 113 NY 560) because, with such instruments, unless there has been a physical delivery, the donor retains title and the right to revoke. Reliance by petitioners on cases like *Vincent v Rix* (248 NY 76) is similarly misplaced. No symbolic delivery was claimed or involved in *Rix (supra)* and the case turned on whether an actual delivery of possession had been made. No change of ownership had been attempted or made on the corporate records (*supra,* p 80).

We are aware of the cases that some have read as requiring physical delivery of stock certificates in order to complete the gift (see Ann., 6 ALR4th 250, 265). Upon analysis, however, it is evident that they are either inapposite or incorrectly decided. *Matter of Crawford (supra,* p 567) involved bearer instruments and its dicta must be read in that context as well as in light of the subsequent discussion in *Matter of Szabo (supra)* and the enactment of the Uniform Commercial Code. To the extent that any nisi prius cases are to the contrary (e.g., *Klein v Klein,* 34 Misc 2d 604), we find them unpersuasive and deem them to have been overruled by *Matter of Ferguson* (54 AD2d 982, *supra*).

Finally, we believe that sustaining the gift here comports with the expectations of the parties. Often, there is a close relationship between the donor and donee and it is only reasonable that, whether out of affection or otherwise, the donee requests the donor to retain possession in a safe-deposit box (see *Matter of Brady,* 228 App Div 56, 59-60, affd 254 NY 590). We think that when, as here, the mere retention of a stock certificate affords the donor no control, as he cannot have the certificate re-issued in his own name nor can he have it pledged, hypothicated or reconveyed, there has been a sufficient delivery (cf. *Matter of Szabo, supra*).

For these reasons, the decree should be reversed insofar as appealed from, a declaration made that appellant is the owner of the stock represented by stock certificate number NYM 21908, the petition otherwise dismissed as against

appellant, and the matter remitted to the Surrogate's Court, Queens County, for entry of a decree in accordance with this opinion.

LAZER, THOMPSON and BOYERS, JJ., concur.

Decree of the Surrogate's Court, Queens County, dated December 7, 1982, reversed insofar as appealed from, on the law and the facts, with costs to appellant payable out of the estate, it is declared that appellant is the owner of 3,000 shares of common stock of Planning Research Corporation represented by stock certificate number NYM 21908, petition otherwise dismissed as against appellant, and matter remitted to the Surrogate's Court, Queens County, for entry of a decree in accordance herewith.