■ In the Matter of OSSINING URBAN RENEWAL AGENCY, Appellant, v ELISSA LORD et al., Defendants, and PINE TOP BUILDING CORP., Respondent.—In a condemnation proceeding, the plaintiff Ossining Urban Renewal Agency appeals (1) from an order of the Supreme Court, Westchester County (Sullivan, J.), entered October 30, 1984, confirming a supplemental report of the Commissioners of Appraisal dated June 7, 1984, which awarded Pine Top Building Corp. the sum of $930,000, together with interest from February 27, 1973, and approved the application of the Commissioners for fees and allowances; and (2) from a judgment of the same court, entered November 8, 1984 thereon, awarding the respondent $1,584,034.80.

Appeal from the order dismissed, without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, without costs or disbursements.

We find no merit to the appellant's contention that the supplemental report of the Commissioners of Appraisal was too vague, precluding intelligent judicial review. The damage issues have been extensively litigated and we find no reason to disturb the Commissioners' award *(see, Matter of Huie [Fletcher—City of New York],* 2 NY2d 168, 171).

We also find no merit to the appellant's contention that interest should have run from the 1983 decision herein of the Court of Appeals *(see, Matter of Ossining Urban Renewal Agency v Lord,* 60 NY2d 845), determining that Pine Top Building Corp. had become landlocked by the subject condemnation. The taking was in 1973. The reports of both appraisers state that fact and there was no issue as to the taking year. Accordingly, interest was properly payable from the taking

date. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.