■ In the Matter of the Estate of KATHLEEN E. PLATNER, Deceased. SUSAN McMANUS, as Administratrix of the Estate of KATHLEEN E. PLATNER, Deceased, Appellant; ANITA L. SMITH et al., Respondents.—In a discovery proceeding by the petitioner as administratrix of the estate of Kathleen Elizabeth Platner to determine whether certain assets held by the respondents are properly payable to the estate, the petitioner appeals from a decree of the Surrogate's Court, Orange County (Owen, S.), dated June 12, 1987, which denied her application to compel the respondents (1) to repay to the estate an alleged loan made by the decedent to the respondent Anita Louise Smith in the sum of $27,000, (2) to repay to the estate an alleged loan made by the decedent to the respondents in the sum of approximately $3,500, and (3) to have the estate adjudged the owner of a designated individual retirement account in the name of the decedent and of which the respondent Anita Louise Smith designated herself as primary beneficiary.

Ordered that the decree is affirmed, with costs payable by the estate.

The petitioner Susan McManus and the respondent Anita Louise Smith are the nieces of the decedent Kathleen Elizabeth Platner. In March 1983 the decedent moved from her home in Bergenfield, New Jersey, to take up residence with the respondent Anita Louise Smith and her husband, the

respondent Edward Smith, at the respondents' home in Otisville, New York. On March 8, 1983, the respondent Anita Louise Smith received from the decedent a $27,000 certified check drawn to her order on the account of the decedent maintained with the First National State Bank. Between December 1982 and September 1983, the respondents received various checks from the decedent totaling approximately $3,500. Finally, on April 11, 1983, the decedent executed her will. The decedent's will provided, *inter alia,* that her real property in Bergenfield, New Jersey, was devised to her niece, the petitioner Susan McManus, and the petitioner's daughter, Kelly Sue McManus. The petitioner's inheritance was conditioned on her being divorced from her then husband, Stephen N. McManus, at the time of the decedent's death. In the event that condition was not met, the petitioner's share would pass through the residuary. The beneficiary of the residuary clause was the petitioner's daughter. The will further provided that Katherine Uhrig, the decedent's sister, would receive a $5,000 bequest.

Also executed by the decedent on April 11, 1983, was a power of attorney appointing the respondent Anita Louise Smith as her attorney-in-fact, and an individual retirement account beneficiary designation form pertaining to the decedent's account with the Suburban Savings and Loan Association, under which the respondent Anita Louise Smith was designated as "primary beneficiary".

The decedent went to stay with the petitioner in May 1984. She remained there until her death on September 8, 1984. The respondent Anita Louise Smith thereafter petitioned the Surrogate's Court, Orange County, for letters of administration. On December 17, 1985, the decedent's will was admitted to probate and letters of administration were issued to the petitioner. On or about June 23, 1986, the petitioner commenced the present proceeding. Following a hearing, the Surrogate found for the respondents.

The petitioner argues that there was a lack of clear and convincing evidence establishing decedent's delivery of and intent to make a gift of the $27,000 check. Generally, as this court stated in *Matter of Carroll* (100 AD2d 337, 338), the "requisites for a valid *inter vivos* gift are an intention on the part of the donor to make a gift, an acceptance by the donee, and delivery of the gift pursuant to the donor's intent *(Matter of Szabo,* 10 NY2d 94, 98; *Matter of Van Alstyne,* 207 NY 298, 306; *Matter of Kelsey,* 29 AD2d 450, 456, affd on opn of App Div 26 NY2d 792)" *(see, Gruen v Gruen,* 68 NY2d 48, 55, *affg*

104 AD2d 171; *Matter of Carr,* 99 AD2d 390, 393; *Spallina v Giannoccaro,* 98 AD2d 103, 106). In order for a gift to be valid, all of these essential elements must be present (25 NY Jur, Gifts, §§ 13-36). In *Matter of Carroll (supra)* at 338-339), it was further stated that, "[a]lthough the burden of proving that a gift was made must be established by the one asserting it by clear and convincing evidence, inasmuch as no constitutional or liberty interest is involved 'this does not mean that the donee must prove the gift by more than a fair preponderance * * * but that the evidence will be more carefully scrutinized' " (quoting *Matter of Kelsey, supra,* at 456). It is commonly recognized that the donor's check may be utilized as a means of making a gift, provided the necessary elements are satisfied *(see,* 25 NY Jur, Gifts, § 46; Annotation, *Donor's Own Check as Subject of Gift,* 38 ALR2d 594-619).

In the instant case, the elements of delivery and acceptance were uncontroverted given the existence of the certified check voucher. Moreover, the testimony of a disinterested witness Robert McAteer, who stated that he was told by the decedent that she intended the $27,000 check as a gift, was properly credited by the Surrogate. Accordingly, the evidence clearly established that the $27,000 was intended as a gift from the decedent to the respondent Anita Louise Smith.

With respect to the various checks received by the respondents from the decedent totaling approximately $3,500, we conclude that said checks represented reimbursements for moneys expended by the respondents on the decedent's behalf. It has been held that: "In the absence of other proof a presumption arises from the delivery of a check that it was delivered in payment of an antecedent debt *(Koehler v Adler,* 78 NY 287). Evidence of the delivery of such a check, plus proof that there was no existing debt, however, establishes prima facie a loan of money. Additional proof can rebut the presumption that a check was given in payment of a debt and create the alternative presumption that the check represents a loan" *(Matter of McNally,* 54 AD2d 1103, 1104; *see also,* Richardson, Evidence § 78 [Prince 10th ed]).

In the instant case, the weight of the testimony established that the subject checks were issued by the decedent in satisfaction of her living expenses and medical care. The testimony indicated that the respondents were the only individuals caring for the decedent for the 13-month period in which she lived with them and during which she was completely dependent upon them due to her ill health.

Moreover, we agree with the Surrogate's conclusion that,

notwithstanding the respondent Anita Louise Smith's appointment as the decedent's attorney-in-fact, she was not acting in that capacity when she signed her name to the beneficiary designation form with respect to the decedent's individual retirement account. Moreover, the circumstances surrounding its execution, in particular, the presence of the decedent's attorney, as well as another witness, do not indicate any impropriety on her part (cf., Matter of De Belardino, 77 Misc 2d 253, 256-257, affd 47 AD2d 589; Matter of Robertson, 191 Misc 956, 957). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.