■ ARTHUR SCHIAVONE, Respondent, v ERNIE KNIPPENBERG, Appellant. [713 NYS2d 480] —In an action to recover the proceeds of a loan, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered July 13, 1999, which denied his motion for reargument of his prior motion to vacate a conditional order of preclusion which was denied by order of the same court entered April 27, 1999, and (2) a judgment of the same court, dated December 28, 1999, which, upon an order dated December 8, 1999, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the principal sum of $14,000.

Ordered that the appeal from the order entered July 13, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment dated December 28, 1999, is modified, on the law, by reducing the principal sum awarded from $14,000 to $4,000; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment; and it is further,

Ordered that the order dated December 8, 1999, is modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced the instant action to recover $14,000 allegedly due and owing on a loan. In his complaint, the plaintiff alleged that the original amount of the loan was $19,000, and only $5,000 of that sum had been paid. The defendant, in his answer, asserted that an additional $10,000 had been paid, and counterclaimed to recover the value of "mechanical auto-body and painting services" he allegedly provided to the defendant.

In response to the plaintiff's discovery demands, the defendant was able to produce two cancelled checks, each in the amount of $5,000, but was unable to produce the particulars in support of the allegations in his counterclaim. The court issued a conditional order of preclusion, directing that failure to comply with the plaintiff's discovery demands "will result in the issuance of an order precluding defendant from producing in evidence any of the designated evidence requested but not provided".

Thereafter, the defendant testified at a deposition that

$15,000 of the debt had been paid, and produced the cancelled checks in support of his testimony. Nevertheless, the court issued a final order of preclusion, which improperly barred the defendant from "introducing in this action any evidence of any 'payment' of the plaintiff's claim as alleged in defendant's affirmative defense".

The plaintiff moved for summary judgment for the principal sum of $14,000, relying on the order of preclusion. The court granted the motion and judgment was entered for the principal sum of $14,000.

The defendant complied with discovery demands with respect to payment. The plaintiff did not dispute that it received a total of $15,000 from the defendant. He submitted no evidence to rebut the defendant's testimony that the cancelled checks produced at his deposition were for payment of the loan. Upon searching the record, we find that $15,000 of the $19,000 loan was paid (*see, Matter of Platner,* 138 AD2d 490, 492). Accordingly, the judgment is modified by reducing the principal sum awarded to $4,000, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.